# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **PICTIVA DISPLAYS INTERNATIONAL LTD.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:23-cv-00495-JRG |
| | ) | |
| **SAMSUNG ELECTRONICS CO., LTD.,** | ) | JURY TRIAL DEMANDED |
| **SAMSUNG ELECTRONICS AMERICA, INC.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD KEY PATENT INNOVATION LTD. AND TO CONSOLIDATE

**Exhibit**

**1**

## TABLE OF CONTENTS

                                                                                    **Page**

INTRODUCTION ......................................................................................................... 1

BACKGROUND ........................................................................................................... 1

I.      ███████████████████████████████████████
   ████████████ .................................................................................... 1

II.   PICTIVA DOES NOT DISCLOSE ██████████████ TO SAMSUNG OR
   THE COURT UNTIL IT IS REVEALED IN ANOTHER CASE ....................... 3

ARGUMENT .................................................................................................................. 3

I.     PICTIVA LACKS ARTICLE III STANDING ............................................... 4

     A.     Pictiva Does Not Hold Any Exclusionary Rights In The Asserted Patents. ........... 4

     B.     Pictiva's Cited Precedents Do Not Salvage Its Standing ........................................ 6

II.    PICTIVA'S MOTION TO AMEND ITS COMPLAINT TO ADD KPI AS A
   PLAINTIFF SHOULD BE DENIED ............................................................... 8

     A.     Pictiva Lacks Good Cause To Amend And Has No Good Explanation For
   Its Failure To Meet The Deadline In Adding KPI As A Party ................................ 9

     B.     Samsung Will Be Unduly Prejudiced If KPI Is Added As A Plaintiff ................... 13

III.   PICTIVA'S REQUEST TO CONSOLIDATE *PICTIVA I* AND *PICTIVA II*
   SHOULD BE DENIED. ................................................................................... 14

CONCLUSION ............................................................................................................. 15

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## Cases

*Abraxis Bioscience, Inc. v. Navinta LLC*,
  625 F.3d 1359 (Fed. Cir. 2010) ...................................................................................4, 8

*United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*,
  816 F.3d 315 (5th Cir. 2016) .............................................................................................9

*Bingham v. Jefferson Cnty., Tex.*,
  No. 1:11-CV-48, 2011 WL 13152490 (E.D. Tex. July 15, 2011) ...............................9

*City of New York v. FedEx Ground Package Sys., Inc.*,
  No. 13 CIV. 9173 (ER), 2018 WL 4521209 (S.D.N.Y. Sept. 21, 2018) .................14

*Computer Acceleration Corp. v. Microsoft Corp.*,
  481 F. Supp. 2d 620 (E.D. Tex. 2007) ..........................................................................10

*Deere & Co. v. Kinze Mfg., Inc.*,
  683 F. Supp. 3d 904 (S.D. Iowa 2023)........................................................................7, 8

*Eravi v. City of Lawrence, Kansas*,
  No. 5:23-CV-4109-JAR-GEB, 2024 WL 3360447 (D. Kan. July 9, 2024) ............14

*Fabics v. City of New Brunswick*,
  629 F. App'x 196 (3d Cir. 2015)......................................................................................14

*Fahim v. Marriott Hotel Servs., Inc.*,
  551 F.3d 344 (5th Cir. 2008) .............................................................................................9

*Hereford v. Carlton*,
  No. 9:15-CV-26, 2016 WL 7080058 (E.D. Tex. May 31, 2016) ..............................11

*Impression Prods. v. Lexmark Int'l, Inc.*,
  581 U.S. 360 (2017) ............................................................................................................7

*Intell. Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*,
  248 F.3d 1333 (Fed. Cir. 2001) .........................................................................................4

*Intell. Tech LLC v. Zebra Techs. Corp.*,
  101 F.4th 807 (Fed. Cir. 2024) ................................................................................4, 7, 8

*Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB*,
  528 F. Supp. 3d 647 (E.D. Tex. 2021) .............................................................................9

App. 6

*LBS Innovs., LLC v. Aaron Brothers, Inc.*,
  2:11-cv-142, 2012 WL 12897919 (E.D. Tex. Nov. 9, 2012) ................................................ 13

*Leachman v. Beech Aircraft Corp.*,
  694 F.2d 1301 (D.C. Cir. 1982) ......................................................................................... 13

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................ 4

*Mars, Inc. v. Trurx LLC*,
  No. 6:13-CV-526-RWS-KNM, 2016 WL 4034803 (E.D. Tex. Mar. 14, 2016) .................... 12

*Modern Grp. Ltd. v. Pinnacle Cos.*,
  No. 1:12-cv-43, 2013 WL 12139155 (E.D. Tex. Mar. 14, 2013) .............................................. 9

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) ....................................................................................... 4, 7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) .......................................................................................... 13

*OnPoint Sys., LLC v. Protect Animals with Satellites, LLC*,
  No. 4:20-cv-657, 2021 WL 3140562 (E.D. Tex. July 26, 2021) ............................................ 13

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
  No. 2:18-cv-390-RWS-RSP, 2020 WL 338124 (E.D. Tex. Jan 21, 2020) .............................. 12

*S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*,
  315 F.3d 533 (5th Cir. 2003) .......................................................................................... 9, 11

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
  402 F.3d 1198 (Fed. Cir. 2005) ............................................................................................ 9

*Smartflash LLC v. Google, Inc.*,
  C.A. No. 6:14-cv-435, 2014 WL 11071872 (E.D. Tex. July 7, 2014) .................................... 15

*Smith v. EMC Corp.*,
  393 F.3d 590 (5th Cir. 2004) ................................................................................................ 9

*Matter of Southmark Corp.*,
  88 F.3d 311 (5th Cir. 1996) ............................................................................................... 11

*Sprint Communications Co. v. APCC Services, Inc.*,
  554 U.S. 269 (2008) ............................................................................................................ 6

*Sw. Bell Tel. Co. v. City of El Paso*,
   346 F.3d 541 (5th Cir. 2003) .................................................................................. 11

*T.O. v. Fort Bend Indep. Sch. Dist.*,
   2 F.4th 407 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2811 (2022) ........................... 11

*Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*,
   No. 4:19-CV-00201-O, 2021 WL 4807666 (N.D. Tex. Apr. 2, 2021) ............................ 12, 15

*Trevizo v. Cloonan*,
   No. P-00-CA-028, 2000 WL 33348794 (W.D. Tex. Nov. 29, 2000) ............................ 15

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
   No. CV 17-1658-CFC, 2020 WL 7771219 (D. Del. Dec. 30, 2020),
   *aff'd*, 52 F.4th 1340 (Fed. Cir. 2022) ......................................................................... 4, 5

*Walton v. Eaton Corp.*,
   563 F.2d 66 (3d Cir. 1977) ......................................................................................... 15

*Ward v. CNH Am., L.L.C., Ind*.,
   534 F. App'x 240 (5th Cir. 2013) ................................................................................ 10, 11

*WiAV Sols. LLC v. Motorola, Inc*.,
   631 F.3d 1257 (Fed. Cir. 2010) ................................................................................... 4

## Statutes

35 U.S.C. § 281 ............................................................................................................... 1

35 U.S.C. § 286 ............................................................................................................... 13

## Rules

Federal Rule of Civil Procedure 15(a) ............................................................................ 9

Rule 12(b)(6) .................................................................................................................. 1

Rule 15 ........................................................................................................................... 10

Rule 16(b)(4) .................................................................................................................. 9

Rule 42(a) ....................................................................................................................... 15

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT



## INTRODUCTION

Pictiva's motion to amend the complaint and for consolidation should be denied.[1]  Instead, for the reasons set forth in Samsung's Motion to Dismiss, *see* Dkt. 57, the complaint should be dismissed for lack of Article III standing, or, in the alternative, under Rule 12(b)(6) because Pictiva is not a "patentee" within the meaning of 35 U.S.C. § 281. Pictiva's motion is an attempt to circumvent constitutional and statutory standing requirements and the deadlines that this Court established in the docket-control order.

## BACKGROUND

**I.**  ████████████████████████████████████████████████████████
████████████████████

████████████, Key Patent Innovations Limited ("KPI") instructed Pictiva, its wholly owned subsidiary, ████████████████████████████████████████████████████

████████ Exhibit 2 in support of Plaintiff's Motion ("Ex. 2"). ████████████████████

████████████████████████████████████████████████████████. Exhibit 1 in support of Plaintiff's Motion ("Ex. 1"). On the same day, ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ Exhibit 3 in support of Plaintiff's Motion ("Ex. 3") ████████

████ The ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1]  Contrary to Mr. Sheasby's attestation in Pictiva's Certificate of Conference, Pictiva never met and conferred regarding the present motion. During the conference cited by Mr. Sheasby, Pictiva indicated that it had not yet decided what it planned to do about the two cases, it was considering consolidation, and it would provide more information the following week. Beyond that, Pictiva gave no indication that it would be moving to amend the complaint. *See* Lance Declaration in Support of Defendants' Opposition to Plaintiff's Motion, at ¶ 2.

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

██████████████

## II.  PICTIVA DOES NOT DISCLOSE ██████████████ TO SAMSUNG OR THE COURT UNTIL IT IS REVEALED IN ANOTHER CASE

Pictiva filed this patent-infringement action against Samsung back in October 2023, claiming that it was the owner of the patents-in-suit ("Asserted Patents").[2] *See* Dkt. 1, at ¶¶ 32, 41. Yet the complaint failed to disclose ████████████████████████████████ ██████████████ Pictiva filed an amended complaint on March 1, 2024, adding four more patents to the case, and continuing to plead that it is the owner of the patents ████ ████████████████ *See* Dkt. 17, at ¶¶ 55, 66, 76, 87 ("*Pictiva I*").

On June 27, 2024, a defendant in another lawsuit (SAP) brought by a subsidiary of KPI filed a motion to dismiss ██████████████████████████████████████ ████████████████████████████████████████████ ████████ The deadline to add additional parties passed on April 1, 2024. *See* Dkt. 40 at 5. On July 12, 2024 Pictiva filed a second case against Samsung, which included KPI as a plaintiff ("*Pictiva II*"). *See* Dkt. 2:24-cv-00532-JRG. By its own admission, the complaint in *Pictiva II* is "identical to the complaint in this case" other than the addition of KPI. *See* Mot. at n.1. Samsung moved to dismiss this suit for lack of Article III standing and statutory standing on July 26, 2024. *See* Dkt. 57.

## ARGUMENT

As explained in greater detail in Samsung's Motion to Dismiss, Pictiva lacks Article III standing to maintain this suit ████████████████████████████████ ████████████████████████████ *See* Dkt. 57. Under blackletter Federal Circuit precedent, the case must be dismissed and cannot be cured by adding KPI: "[I]f the original

---

[2]  The Asserted Patents are U.S. Patent Nos. 6,949,389; 8,314,547; 8,558,223; 8,723,164; 9,257,492; and 11,828,425.

App. 11



plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured after the inception of the lawsuit." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (citations omitted). Pictiva's motion to amend the complaint to add KPI should be denied as moot. *See id.* ("[T]he action must be dismissed because [plaintiff] lacked standing on the day it filed the action."); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 (1992).

## I.    PICTIVA LACKS ARTICLE III STANDING

### A.

"[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish                                                                                                *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) (emphasis added); *see Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1342 (Fed. Cir. 2007) (finding that the Federal Circuit

(cleaned up). "A

" *Intell. Prop. Dev., Inc. v. TCI Cablevision of California, Inc*., 248 F.3d 1333, 1346 (Fed. Cir. 2001); *Uniloc USA, Inc. v. Motorola Mobility, LLC,* No. CV 17-1658-CFC, 2020 WL 7771219, at *5 (D. Del. Dec. 30, 2020), *aff'd*, 52 F.4th 1340 (Fed. Cir. 2022).

*Intell. Tech.*, 101 F.4th at 816. Pictiva cannot

App. 13

███████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████

Pictiva also ████████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

Pictiva contends that Samsung's alleged infringement "deprived it of royalties and trampled on its property rights[,]" *see* Mot. at 5, but even if true, ████████████████████████ And at any rate, the assertion is ████████████████████████

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

contradicted by the ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████

**B.     Pictiva's Cited Precedents Do Not Salvage Its Standing**

To ███████████████████████████ *see* Mot. at 6, Pictiva misreads *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008), which has nothing to do with the Article III requirements to maintain a patent infringement action. In *Sprint*, the original holders of a statutory claim for compensation had assigned "all rights, title and interest" in the claims in full to a party that aggregated the claims and promised to remit any proceeds of a successful lawsuit to the assignors. *Id.* at 272. The Supreme Court held that the mere fact the assignee was contractually obligated to remit the proceeds did not deprive the assignee of Article III standing. *Id.* at 287-88. ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████ *See* Dkt. 57 at 4-5. That is why Pictiva lacks Article III standing.

█████████████████████

Pictiva relies on *Intell. Tech LLC v. Zebra Techs. Corp.,* 101 F.4th 807 (Fed. Cir. 2024) to argue that, as a patent owner, it only needs █████████████ for Article III standing. Mot. at 7-8. But Pictiva does ████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████ *Impression Prods.*

*v. Lexmark Int'l, Inc.*, 581, U.S. 360, 374 (2017). █████████████████████

███████████████████████████████████, the patent owner in

*Intell. Tech* had the right to license the patent. 101 F.4th at 811. Further, Pictiva quotes the statement in *Intell. Tech.* that ████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████, which deprives

it of Article III standing. As the Federal Circuit has explained, "█████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

In *Morrow*, the Federal Circuit concluded that an █████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

Courts have repeatedly found that ████████████████ is not sufficient for constitutional standing. For instance, in *Fairchild Semiconductor Corp. v. Power Integrations, Inc*., the court found that the patent owner who █████████████████ lost its constitutional standing.



630 F. Supp. 2d 365, 372 (D. Del, Dec. 2007). The party to whom it contracted ████████ to sue was ████████████████████████████████████████████. ████████████████████████████ This case highlights the impact of ████████████████████████ ████████████████████ – neither the patent owner nor its licensee results in having Article III standing. *See id.* ███████████████████████████████ ████████████████████████████████████████████ Similarly, in *Deere & Co. v. Kinze Mfg., Inc*., the court found that a patent owner ████████████████ ████████████████████████████████████████████ ████████████████████████████████ (in certain circumstances), prevented it from having constitutional standing, ███████████ 683 F. Supp. 3d 904, 919-20 (S.D. Iowa 2023). ████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████

## II. PICTIVA'S MOTION TO AMEND ITS COMPLAINT TO ADD KPI AS A PLAINTIFF SHOULD BE DENIED

Pictiva's motion to amend should be denied as futile because its lack of Article III standing at the initiation of suit is "incurable," and may not be fixed through joinder or amendment of the complaint. *Intell. Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 814 (Fed. Cir. 2024); *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 n.2 (Fed. Cir. 2010). Pictiva argues that "it is less clear whether an amended or supplemental complaint is adequate to resolve Article III standing issues." Mot. at 4. But Federal Circuit precedent made it clear that a lack of Article III standing requires dismissal. "[T]his court has held that if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the

addition of a party with standing, nor by the subsequent purchase of an interest in the patent in suit." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citations omitted) (cleaned up).

### A.   Pictiva Lacks Good Cause To Amend And Has No Good Explanation For Its Failure To Meet The Deadline In Adding KPI As A Party

Pictiva's untimely attempt to add KPI as a plaintiff should be denied on the independent basis that it has failed to demonstrate good cause to do so more than four months after the deadline to add parties has passed. "While Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be 'freely' given, Rule 16(b)(4) limits modifications to a scheduling order to situations where good cause is shown." *Kovalchuk v. Wilmington Sav. Fund Soc'y, FSB*, 528 F. Supp. 3d 647, 653 (E.D. Tex. 2021) (citing *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)); *Fahim v. Marriott Hotel Servs., Inc*., 551 F.3d 344, 348 (5th Cir. 2008). The Docket Control Order required Pictiva to "Join Additional Parties" by April 1, 2024, *see* Dkt. No. 40, which Pictiva missed by over four months. Accordingly, the heightened "good cause" standard applies. *See Modern Grp. Ltd. v. Pinnacle Cos*., No. 1:12-cv-43, 2013 WL 12139155, at *1 (E.D. Tex. Mar. 14, 2013) (applying good cause standard and denying motion to amend pleadings to add a new party when motion was filed three months after deadline to join additional parties). Pictiva has not met its burden of showing good cause. Nor has Pictiva shown lack of undue delay, bad faith or dilatory motive, or undue prejudice to Samsung, so its motion also fails under the more permissive Rule 15(a) standard. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Bingham v. Jefferson Cnty., Tex.*, No. 1:11-CV-48, 2011 WL 13152490, at *2 (E.D. Tex. July 15, 2011) (finding that leave may be withheld on any of these bases).

Pictiva cannot demonstrate diligence in pursuing its proposed amendment and therefore is unable to meet its burden of "good cause." *S&W Enterprises, L.L.C. v. SouthTrust Bank of*

███████████████

*Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Indeed, Pictiva's conduct rises to the level of undue delay, which warrants denial even under Rule 15's free leave standard. *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007); *see Ward v. CNH Am., L.L.C., Ind.*, 534 F. App'x 240, 242 (5th Cir. 2013), as revised (July 23, 2013) (emphasizing consideration of undue delay in denying leave to amend).

Pictiva's argument—that "its failure to request the addition of Key Patent by the April 1, 2024 deadline is excusable" because, *see* Mot. at 10, it supposedly was not aware of the standing issue until SAP and then Samsung filed motions to dismiss—rings hollow.[3] Pictiva blames Samsung, but Pictiva's undue delay in seeking to join KPI is entirely of its own making. ██████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

Even if Pictiva's strategic decision to exclude KPI out of this litigation was not made in bad faith, Pictiva waited until ██████████████████████████ and this cannot be excused. Pictiva had an obligation from the outset of discovery to produce all ownership documents for the asserted patents. *See* Dkt. 47 at § III. While Pictiva produced other documents associated ███████████████████████████████████████████ until a plaintiff in another lawsuit (SAP) made KPI and Pictiva's discovery failure public by filing a motion to dismiss.

---

[3]  As previously explained, Pictiva is wrong that it had standing and was the proper party to bring this suit. *See Infra*, § I.

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

████████████████

Samsung, on the other hand, acted quickly and in good faith once the standing issue was discovered. Samsung filed a motion to dismiss for lack of standing shortly after Pictiva produced ████████████████ Samsung's motion to dismiss was filed after the April 1 deadline only because ████████████████ its lack of standing earlier.

Pictiva's conduct alone warrants denial of its motion to amend. *See Hereford v. Carlton*, No. 9:15-CV-26, 2016 WL 7080058, at *2 (E.D. Tex. May 31, 2016) (finding that a court may deny motion for leave to amend if "movant knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."). Critically, where a proposed amendment merely "expands on" information that the plaintiff had at its disposal when it filed the original complaint, the "good cause" requirement is not met. *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2811 (2022); *see Matter of Southmark Corp.*, 88 F.3d 311, 315 (5th Cir. 1996) (affirming district court's denial of plaintiff's motion for leave to amend complaint where the "transactions on which the proposed amendments were based were *known* to Southmark both at the time its plan was confirmed and at the time its original and first amended complaints were filed"); *see also Contra Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (denying leave to amend upon finding that "[movant] was aware of the contract that forms the basis of its proposed [amendment] months in advance of the deadline and does not offer a satisfactory explanation for its delay in seeking leave to amend"). That is the case here. Pictiva offers no excuse for ████████████████ and even if this were "an innocent mistake," this reason would be "tantamount to no explanation at all." *S&W Enters., L.L.C.*, 315 F.3d at 536; *see Ward*, 534 F. App'x at 242 (even "an innocent mistake" weighs against the party seeking leave to amend).

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

███████████████

Pictiva's cited caselaw is unpersuasive. *Mars, Inc. v. Trurx LLC*, No. 6:13-CV-526-RWS-KNM, 2016 WL 4034803, at *3 (E.D. Tex. Mar. 14, 2016) is inapposite. There, Plaintiff was allowed to add its subsidiary as a co-plaintiff because it did not know until it conducted discovery that its subsidiary had a lost profits claim. Here, by contrast, Pictiva has had the facts regarding its standing issue ███████████████ since before it filed its original complaint.

*Good Sportsman Mktg. LLC v. Testa* Assocs., LLC, No. 6:05-cv-90, 2005 WL 2850302, at *6 (E.D. Tex. Sept. 1, 2005) does not support Pictiva's argument either. That case did not involve a lack of Article III standing, which precludes amendment here.  Also, the Court had already denied plaintiff's motion to dismiss after finding plaintiff had statutory standing and therefore joinder was unnecessary to the litigation. *Id.*, at *1-2. The Court held that the trial date could be reset to avoid potential prejudice to defendants. *Id.*, at *6. Pictiva proposes no such adjustment here.

As for *Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 4:19-CV-00201-O, 2021 WL 4807666, at *4 (N.D. Tex. Apr. 2, 2021), there the plaintiff did not seek to join an additional plaintiff earlier because the defendants previously moved to dismiss for lack of standing and then conceded that deciding standing then was premature given the state of discovery. *Id.* The court denied the motion to dismiss, so there was no reason for plaintiff to move to add an additional plaintiff. *See id.* ("Plaintiff had no reason to seek this amendment in the intervening time since that order and Defendants' again raising the standing issue[.]"). Here, by contrast, there was not order denying a motion to dismiss for Pictiva to have relied on.

In short, the only evidence that matters—███████████████ was available to Pictiva for years and well before the Court-ordered deadline. Therefore, to the extent Pictiva has any basis for its amendment, it was not recently acquired. "This lack of diligence is sufficient standing alone to justify" a finding that good cause is not met. *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No.

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

2:18-cv-390-RWS-RSP, 2020 WL 338124, at *2 (E.D. Tex. Jan 21, 2020) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

### B.     Samsung Will Be Unduly Prejudiced If KPI Is Added As A Plaintiff

For the reasons stated above, the proper course of action would be to deny Pictiva's motion to amend, grant Samsung's motion to dismiss, and have the parties' disputes litigated in the second case where KPI has been properly named as a plaintiff. Samsung will be unduly prejudiced if instead KPI is added as a plaintiff to this case. Under 35 U.S.C. § 286, Pictiva's possible damages should start no earlier than six years prior to the filing of the second complaint, which is the only complaint that properly names KPI. Allowing Pictiva to untimely amend to add KPI to the first case rewards Pictiva for its lack of diligence, and prejudices Samsung, by affording Pictiva the opportunity to recover *nine months* of damages during which time it lacked standing.

Samsung will also be prejudiced by this late amendment because it would have pursued additional discovery and a different trial strategy had it known that KPI was going to be part of this litigation.[4] Although Pictiva claims that KPI has been assisting with this litigation, neither Pictiva nor KPI assert that KPI would be bound by the discovery responses already served in this litigation.[5] Indeed, the Court's early deadline for joinder was to ensure that the parties could take appropriate discovery and plan trial strategy knowing the identity of all parties to the case. For this reason, late joinder is inherently prejudicial. *See Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982) ("Even if, as here, there were no showing of specific prejudice in the sense

---

[4] Pictiva's cited cases do not warrant a different outcome. Neither *OnPoint Sys., LLC v. Protect Animals with Satellites, LLC*, No. 4:20-cv-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021) nor *LBS Innovs., LLC v. Aaron Brothers, Inc*., 2:11-cv-142, 2012 WL 12897919, at *3 (E.D. Tex. Nov. 9, 2012) involved amendments to the complaint that would add a new party to an action.

[5] Pictiva's assertion it will be prejudiced if its motion is denied is perplexing. Any prejudice is of its own making because if ███████████████████████ and added KPI to its original complaint, it would not be in the current situation.

███████████

of lost or destroyed evidence, defendants would still be deprived of their interest in repose. At some point, defendants should have notice of who their adversaries are.").

Pictiva's complaints about efficiency are overblown in comparison to the prejudice to Samsung. It is in both parties' interest to minimize the effort in re-serving the discovery second filed case. Other than the discovery Pictiva has served on Samsung Display, only Samsung has served third party discovery, so Pictiva will not be significantly burdened with any third party discovery if the first case is dismissed.

## III. PICTIVA'S REQUEST TO CONSOLIDATE *PICTIVA I* AND *PICTIVA II* SHOULD BE DENIED.

Pictiva's request that *Pictiva I* and *Pictiva II* be consolidated should be denied because, as discussed above, *Pictiva I* must be dismissed due to Pictiva's lack of Article III standing. There can be no consolidation where one case is dismissed. *See, e.g.*, *Eravi v. City of Lawrence, Kansas*, No. 5:23-CV-4109-JAR-GEB, 2024 WL 3360447, at *10 (D. Kan. July 9, 2024).

Pictiva's request should be denied for the independent reason that it is an improper attempt to circumvent the rules for amending a pleading, and as discussed above in Section II.B, Pictiva's motion to amend should be denied. By filing a second action that is identical except for the addition of KPI as a new plaintiff, and seeking consolidation at the same time it filed a motion to amend, it is evident that "Plaintiff attempts to use consolidation as a backdoor to amendment." *Eravi*, 2024 WL 3360447, at *10. Courts routinely reject this tactic because they recognize that "a consolidated amended complaint is still an amended pleading." *See City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 CIV. 9173 (ER), 2018 WL 4521209, at *4 (S.D.N.Y. Sept. 21, 2018) (denying motion to consolidate). And "court[s] must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *See Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

Cir. 2015) (affirming dismissal of second, duplicative complaint plaintiff filed and sought to consolidate with first action in an attempt to circumvent pleading amendment standard). Under Rule 42(a), the Court has discretion whether to consolidate cases, and "the mere presence of a common question of law or fact does not mandate consolidation." *Trevizo v. Cloonan*, No. P-00-CA-028, 2000 WL 33348794, at *2 (W.D. Tex. Nov. 29, 2000).

In the alternative, to the extent that the Court is inclined to grant Pictiva's motion to add KPI as a plaintiff (either by granting the motion to amend or consolidate), such an order should not "expand the procedural rights [plaintff] would have otherwise enjoyed." *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977); *see Smartflash LLC v. Google, Inc.*, C.A. No. 6:14-cv-435, 2014 WL 11071872, at *2 (E.D. Tex. July 7, 2014) (finding that consolidation is not appropriate where it will "result in prejudice or unfair advantage for a party."). Samsung respectfully requests that *Pictiva I* be consolidated into *Pictiva II* so that Pictiva's statutory damages begin no earlier than the filing of *Pictiva II*, and that the parties be ordered to meet and confer and submit a joint procedural schedule that would govern the consolidated cases. At a minimum, discovery should be extended by three months to allow Samsung time to investigate KPI and propound additional written discovery, which even Pictiva's cited cases allow. *See, e.g., Trench Tech Int'l*, 2021 WL 4807666, at *5 ("Defendants will be granted appropriate time to respond to the Third Amended Complaint as part of a new scheduling order . . .."); *Good Sportsman Mktg. LLC*, 2005 WL 2850302, at *6 ("[T]he Court can reset the trial date to overcome any prejudice Defendants do face[.]").

## CONCLUSION

Samsung respectfully requests the Court deny Pictiva's Motion.

App. 23

Dated: August 19, 2024

By: /s/ Lance Yang

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

D. James Pak (admitted *pro hac vice*)
Lance Yang (admitted in E.D. Tex.)
Patrick Schmidt (admitted *pro hac vice*)
djamespak@quinnemanuel.com
lanceyang@quinnemanuel.com
patrickschmidt@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Sean S. Pak (admitted *pro hac vice*)
Melissa J. Baily (admitted in E.D. Tex.)
seanpak@quinnemanuel.com
melissabaily@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: 415-875-6600
Fax: 415-875-6700

***Attorneys for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America, Inc.***

███████████████

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 19, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  August 19, 2024                    */s/ Melissa R. Smith*
                                            Melissa R. Smith

## CERTIFICATE OF AUTHORIZATION ████████████████.

I hereby certify that the foregoing document is ███████████████████

████████████ entered in this matter.

Dated:  August 19, 2024                    */s/ Melissa R. Smith*
                                            Melissa R. Smith

SAMSUNG'S OPPOSITION TO PICTIVA'S MOTION TO AMEND COMPLAINT

| | |
|---|---|
| **From:** | Perlson, David <david.perlson@hoganlovells.com> |
| **Sent:** | Monday, February 24, 2025 12:20 PM |
| **To:** | #Valtrus-Google [Int]; Greg Love |
| **Cc:** | Judge Paul Stickney; Sheasby, Jason; Strabone, Andrew; He-Schaefer, Connor; Proctor, Amy; QE-Valtrus; Joshua Lang; Michael K. Hurst; Tonia Ashworth; Chelsea Till; Sistos, Ton |
| **Subject:** | Valtrus v. Google (N.D. Tex. 22-0066) -- Docs re authorization/KPI's approval to file Valtrus I against Google |

**[EXTERNAL EMAIL from david.perlson@hoganlovells.com]**

Counsel, in Angela Quinlan's Declaration in Support of Plaintiff's Motion for Leave to Amend Complaint, she states: "In my capacity for Key Patent, I authorized Valtrus's lawsuit against Google in this action before Valtrus filed it on January 10, 2022." Dkt. 208-5 at APP. 584. We are now in receipt of the deposition of Ms. Quinlan in the *SAP* case, after Valtrus's refusal to provide this deposition itself. Ms. Quinlan's deposition testimony suggests there may be documents relating to Valtrus's authorization/KPI's approval to file *Valtrus I* against Google, including board minutes and/or other documents regarding such authorization and approval. We do not believe any such documents have been produced. These materials are well within the scope of Google's existing RFPs. See, e.g., Google's First Set of Requests for Production to Valtrus at Nos. 7, 23, 27, and 60. Additionally, these materials were also encompassed within the scope of Google's motion to compel that was recently denied as moot. See Dkt. 101.

Please confirm this week that no such documents exist, or confirm Valtrus will produce all such documents relating to Valtrus's authorization/KPI's approval to file *Valtrus I* against Google by a date certain in the near future. Google requires these documents in relation to the standing issues in this case, and to determine whether a deposition of Ms. Quinlan will be needed on these standing issues and her declaration.

David

> **Exhibit**
>
> **2**

# EXHIBIT 3
# FILED UNDER SEAL

| | |
|---|---|
| **From:** | He-Schaefer, Connor <che-schaefer@irell.com> |
| **Sent:** | Friday, March 14, 2025 12:36 PM |
| **To:** | Joshua Lang; Franklund, Erick; Perlson, David; Deepa Acharya |
| **Cc:** | Sistos, Ton; QE-Valtrus; #Valtrus-Google [Int]; Greg Love; Judge Paul Stickney; Julia Simon; Chelsea Till |
| **Subject:** | RE: Valtrus v. Google - 3/7/25 Production |

[EXTERNAL EMAIL from che-schaefer@irell.com]

Josh, all of the redactions reflect the content of legal advice, attorney client communications or work product regarding litigation or licensing. Centerbridge, Patent Platform Services, and Burford Capital share a common interest with Valtrus in the licensing and litigation of the asserted patents and thus the communications and advice remain privileged.

We are investigating whether any other Valtrus or Key Patent board materials relevant to the issue of authorization of this lawsuit exist, and anticipate having more information on that investigation by the middle of next week.

Best,
-Connor

**Connor He-Schaefer** (he/him/his)
Associate

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
P: (310) 203-7514
www.irell.com

**From:** Joshua Lang <jlang@lynnllp.com>
**Sent:** Friday, March 14, 2025 12:12 PM
**To:** Franklund, Erick <EFranklund@irell.com>; Perlson, David <david.perlson@hoganlovells.com>; Deepa Acharya <deepaacharya@quinnemanuel.com>
**Cc:** Sistos, Ton <ton.sistos@hoganlovells.com>; QE-Valtrus <qe-valtrus@quinnemanuel.com>; #Valtrus-Google [Int] <Valtrus-Google@irell.com>; Greg Love <Greg@stecklerlaw.com>; Judge Paul Stickney <judgestickney@stecklerlaw.com>; Julia Simon <jsimon@lynnllp.com>; Chelsea Till <ctill@lynnllp.com>
**Subject:** RE: Valtrus v. Google - 3/7/25 Production

Hi Erick,

Following up on the below as we have not received a reply to either our questions below, or our request for a meet and confer.

Please let us hear from your team today.



Exhibit

4

App. 30

Thank you,
Josh

--
**JOSHUA D. LANG**, Attorney
**Lynn Pinker Hurst & Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**lynnllp.com**

| **Direct Dial** | 214-292-3621 |
| **Cell Phone** | 859-360-9368 |

**jlang@lynnllp.com**

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

---

**From:** Joshua Lang
**Sent:** Thursday, March 13, 2025 8:52 AM
**To:** Franklund, Erick <EFranklund@irell.com>; Perlson, David <david.perlson@hoganlovells.com>; Deepa Acharya <deepaacharya@quinnemanuel.com>
**Cc:** Sistos, Ton <ton.sistos@hoganlovells.com>; QE-Valtrus <qe-valtrus@quinnemanuel.com>; #Valtrus-Google [Int] <Valtrus-Google@irell.com>; Greg Love <Greg@stecklerlaw.com>; Judge Paul Stickney <judgestickney@stecklerlaw.com>; Julia Simon <jsimon@lynnllp.com>; Chelsea Till <ctill@lynnllp.com>
**Subject:** RE: Valtrus v. Google - 3/7/25 Production

Erick,

Please directly answer the simple question asked: Please confirm these are the only board minutes "authorizing the instant litigation" that exist, and that there are not separate KPI board minutes.

Regarding the redactions, you state that the document redacts "legal advice." Is Valtrus representing that the entirety of the redacted materials is covered by attorney-client privilege and/or work product? Please clarify.

Further, we note the minutes indicate there were third parties the board meeting beyond Valtrus and its counsel.  There were three parties from Centerbridge, one party from Patent Platform Services, and party from Burford Capital.  Given this, please clarify how the attorney-client privilege/work product doctrine could apply.

Please indicate a specific timeframe for the investigation for additional documents you identify in your email.

Absent a complete answer, we would like to meet and confer. We are available at 3 CT Friday.


Thank you,
Josh

--
**JOSHUA D. LANG**, Attorney
**Lynn Pinker Hurst & Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
lynnllp.com

| | |
|---|---|
| **Direct Dial** | 214-292-3621 |
| **Cell Phone** | 859-360-9368 |

jlang@lynnllp.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

**From:** Franklund, Erick <EFranklund@irell.com>
**Sent:** Tuesday, March 11, 2025 10:17 PM
**To:** Joshua Lang <jlang@lynnllp.com>; Perlson, David <david.perlson@hoganlovells.com>; Deepa Acharya <deepaacharya@quinnemanuel.com>
**Cc:** Sistos, Ton <ton.sistos@hoganlovells.com>; QE-Valtrus <qe-valtrus@quinnemanuel.com>; #Valtrus-Google [Int] <Valtrus-Google@irell.com>; Greg Love <Greg@stecklerlaw.com>; Judge Paul Stickney <judgestickney@stecklerlaw.com>; Julia Simon <jsimon@lynnllp.com>; Chelsea Till <ctill@lynnllp.com>
**Subject:** RE: Valtrus v. Google - 3/7/25 Production

Josh, we produced the board minutes authorizing the instant litigation as Google requested. We are also investigating whether other related documents exist, as Google also requested, and will follow up in due course. The produced document redacts legal advice.

Thank you,


**Erick Franklund**
*Associate*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
DID: (310) 203-7129
www.irell.com

App. 32

**From:** Joshua Lang <jlang@lynnllp.com>
**Sent:** Monday, March 10, 2025 5:16 PM
**To:** Franklund, Erick <EFranklund@irell.com>; Perlson, David <david.perlson@hoganlovells.com>; Deepa Acharya <deepaacharya@quinnemanuel.com>
**Cc:** Sistos, Ton <ton.sistos@hoganlovells.com>; QE-Valtrus <qe-valtrus@quinnemanuel.com>; #Valtrus-Google [Int] <Valtrus-Google@irell.com>; Greg Love <Greg@stecklerlaw.com>; Judge Paul Stickney <judgestickney@stecklerlaw.com>; Julia Simon <jsimon@lynnllp.com>; Chelsea Till <ctill@lynnllp.com>
**Subject:** RE: Valtrus v. Google - 3/7/25 Production

Counsel,

On March 4, Valtrus represented it "intends to produce the board minutes authorizing the instant litigation this week."  On Friday, Valtrus produced heavily redacted board minutes.   Initially, we note these are Valtrus board minutes, not KPI board minutes.  Please confirm these are the only board minutes "authorizing the instant litigation" that exist, and that there are not separate KPI board minutes.

 Also, please explain the basis for the redactions in the document.

 This concerns a critical, threshold issue regarding standing in this case.  Please respond by tomorrow or provide your availability for a meet and confer.


Thank you,
Josh

--
**JOSHUA D. LANG**, Attorney
**Lynn Pinker Hurst & Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
lynnllp.com

**Direct Dial**      214-292-3621
**Cell Phone**      859-360-9368

jlang@lynnllp.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and

4

may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

---

**From:** Franklund, Erick <<EFranklund@irell.com>>
**Sent:** Friday, March 7, 2025 8:52 PM
**To:** Perlson, David <<david.perlson@hoganlovells.com>>; Joshua Lang <<jlang@lynnllp.com>>; Deepa Acharya <<deepaacharya@quinnemanuel.com>>
**Cc:** Sistos, Ton <<ton.sistos@hoganlovells.com>>; QE-Valtrus <<qe-valtrus@quinnemanuel.com>>; #Valtrus-Google [Int] <<Valtrus-Google@irell.com>>; Greg Love <<Greg@stecklerlaw.com>>; Judge Paul Stickney <<judgestickney@stecklerlaw.com>>; Julia Simon <<jsimon@lynnllp.com>>; Chelsea Till <<ctill@lynnllp.com>>
**Subject:** Valtrus v. Google - 3/7/25 Production

Counsel,

Please find below a link to access Valtrus' March 7, 2025 production.

https://app.box.com/s/nh5e8h5efis3dy9kd4tzg49hit22vosi

The password will be sent in a separate email.

Thank you,

**Erick Franklund**
*Associate*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
DID:  (310) 203-7129
www.irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.