# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | **Case No. 3:22-cv-00066-L** <br><br> **JURY TRIAL DEMANDED** <br><br> **FILED UNDER SEAL** |

## PLAINTIFF VALTRUS INNOVATIONS LTD.'S MOTION FOR LEAVE TO AMEND COMPLAINT

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................1

    A. The Patents-in-Suit....................................................................................................1

    B. Ownership of the Patents-in-Suit..............................................................................2

    C. Valtrus Sought Leave to Add Additional Evidence Regarding the Subject Matter Eligibility of the Patents-in-Suit Prior to the Deadline ................5

III. LEGAL STANDARD.............................................................................................................6

IV. ARGUMENT..........................................................................................................................7

    A. Valtrus's Motion for Leave to Amend Should Be Granted Under Rule 15(a), or in the Alternative, Under Rules 19 and 20..............................................7

        1. There is no prejudice to Google in adding KPI as a plaintiff ..............................7

        2. There is no need for a continuance, as fact discovery is still open......................9

        3. KPI was not added as a plaintiff earlier because Valtrus has standing................9

        4. Should the Court determine that Valtrus does not have statutory standing, the amendment is important and necessary........................................10

    B. Valtrus's Motion for Leave to Amend Should Be Granted as to the Dropped Patents and the Additional § 101 Evidence .........................................11

V. CONCLUSION.....................................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Acevedo v. Allsups Convenience Stores, Inc.*,
 600 F.3d 516 (5th Cir. 2010) ..................................................................................................7

*Engstrom v. First Nat'l Bank*,
 47 F.3d 1459 (5th Cir. 1995) ..................................................................................................6

*Enzo APA & Son, Inc. v. Geapag A.G.*,
 134 F.3d 1090 (Fed. Cir. 1998)...............................................................................................4

*Foman v. Davis*,
 371 U.S. 178 (1962)................................................................................................................6

*Indep. Wireless Tel. Co. v. Radio Corp. of Am.*,
 269 U.S. 459 (1926)..........................................................................................................5, 10

*Jefferson St. Holdings Intell. Prop. LLC v. Tech 21 UK Ltd.*,
 No. 5:18-cv-806-DAE, 2019 WL 5795667 (W.D. Tex. June 10, 2019) ..................................3

*LBS Innovations, LLC v. Aaron Bros., Inc.*,
 No. 2:11-cv-142, 2012 WL 12897919 (E.D. Tex. Nov. 9, 2012)............................................9

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
 925 F.3d 1225 (Fed. Cir. 2019)....................................................................................5, 7, 10

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*,
 283 F.3d 282 (5th Cir. 2002) ..................................................................................................6

*OnPoint Sys., LLC v. Protect Animals with Satellites, LLC*,
 No. 4:20-cv-657, 2021 WL 3140562 (E.D. Tex. July 26, 2021).............................................9

*Robles v. Archer W. Contractors, LLC*,
 No. 3:14-cv-1306-M, 2015 WL 4979020 (N.D. Tex. Aug. 19, 2015) ....................................8

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
 315 F.3d 533 (5th Cir. 2003) ..................................................................................................6

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
 402 F.3d 1198 (Fed. Cir. 2005).............................................................................................10

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
 959 F.3d 1065 (Fed. Cir. 2020)...............................................................................................4

**Page**

*Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*,
   No. 4:19-cv-00201-O, 2021 WL 4807666 (N.D. Tex. Apr. 2, 2021) ......................... 9

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966) ............................................................................................... 7

*Valtrus Innovations Ltd. v. SAP Am., Inc.*,
   No. 2:24-cv-00021-JRG (E.D. Tex.) ................................................................... 1, 3

**Statutes**

35 U.S.C. § 261 ............................................................................................................ 3

35 U.S.C. § 281 ............................................................................................................ 1

**Rules**

Fed. R. Civ. P. 19(a)(1) ................................................................................................ 6

Fed. R. Civ. P. 19(a)(2) ................................................................................................ 6

Rule 12(b)(1) ................................................................................................................ 3

Rule 12(b)(6) ................................................................................................................ 3

Rule 15(a) .................................................................................................................. 6, 7

Rule 16 .................................................................................................................... 7, 11

Rule 16(b) .................................................................................................................... 6

Rule 19 ................................................................................................................ *passim*

Rule 20 ......................................................................................................................... 7

I.  **INTRODUCTION**

Plaintiff Valtrus Innovations Ltd. ("Valtrus") hereby moves to amend its complaint to join its parent company, Key Patent Innovations ("KPI") as a plaintiff in this action.  Ex. 1 (Proposed Amended Complaint).  Valtrus brings this motion because another defendant has challenged Valtrus's standing to assert patents in its own portfolio in another case.  The Chief Judge of the District Court for the Eastern District of Texas held that, under the same circumstances as this case, Valtrus has Article III standing to maintain a patent infringement lawsuit for the patents in its portfolio.  *Valtrus Innovations Ltd. v. SAP Am., Inc.*, No. 2:24-cv-00021-JRG (E.D. Tex.), Dkt. No. 83 (sealed).  Chief Judge Gilstrap, however, held that Valtrus alone does not satisfy 35 U.S.C. § 281's requirements, but "KPI should and must be joined as a plaintiff . . . under Rule 19 and Federal Circuit precedent."  Ex. 2 (E.D. Tex. Order on MTD) at Appx. 218.  Although Defendant Google LLC ("Google") has not raised any standing issues in this case, Valtrus is moving to amend to join KPI as a precaution and to moot any such argument.

Valtrus's amended complaint differs from the operative complaint in three primary ways: (1) KPI has been added as a plaintiff; (2) the allegations include those added as part of the Proposed Amended Complaint that Valtrus included in its Appendix to its Opposition to Google's pending Motion to Dismiss (*see* Dkt. No. 54 at Appx. 0041-0146), provided to Google and the Court prior to the deadline to amend pleadings in this matter; and (3) Valtrus is dropping its assertion of U.S. Patent Nos. 6,738,764 ("the '764 Patent"), 7,523,454 ("the '454 Patent"), and 7,748,005 ("the '005 Patent"), as set out in Valtrus's motion to lift the stay (Dkt. No. 186).

II. **BACKGROUND**

   A.  **The Patents-in-Suit**

The original complaint in this case asserted claims for infringement of six patents against Google:  U.S. Patent Nos. 6,728,704 ("the '704 Patent"), the '764 Patent, 6,816,809 ("the '809

Patent"), 7,346,604 ("the '604 Patent"), the '454 Patent, and the '005 Patent (collectively, the "Asserted Patents"). (Dkt. No. 1.) Google filed *inter partes* review ("IPR") petitions challenging five of those patents. Those IPR proceedings are now complete. The Patent Trial and Appeal Board ("PTAB") has confirmed as not invalid all challenged claims of the '704 Patent, has thrice declined to institute a trial on the '809 Patent, and Google did not challenge via IPR the validity of the '604 Patent. As Valtrus explained in its motion to lift the stay, Valtrus intended to dismiss the '764 Patent, the '454 Patent, and the '005 Patent with prejudice as part of that motion. (Dkt. No. 186 at 1.) The Court granted the motion to lift the stay. (*See* Dkt. No. 203.)

### B. Ownership of the Patents-in-Suit

Valtrus owns by assignment the entire right and title in and to the Asserted Patents. Valtrus purchased the Asserted Patents from Hewlett Packard Enterprise ("HPE"), and has produced the patent purchase agreement between the parties in this action. *See* Ex. 3 (Patent Purchase Agreement) at Appx. 225 § 2.1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) Valtrus owns and holds the Asserted Patents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Ex. 4 (Declaration of Trust). The Declaration of Trust confirms that Valtrus ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) *Id.* at Appx. 575 § 2.1. Upon learning that ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) *Id.* at Appx. 580, Schedule 1 § 1.5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

███████████████████████████████████████

███████████████████████████████████████"

*Id.* at Appx. 582, Schedule 1 § 3.1.

In *Valtrus Innovations Ltd. v. SAP America, Inc.*, No. 2:24-cv-00021-JRG (E.D. Tex.), the defendant, SAP, moved to dismiss for lack of standing pursuant to Rules 12(b)(1) and 12(b)(6), under the theories that Valtrus did not have constitutional or statutory standing to assert the patents in that case (which are different than the Asserted Patents here). SAP's arguments were based on the notion that Valtrus is not the true owner, is not a patentee, and cannot enforce the patents in that case.

The Chief Judge of the Eastern District rejected these arguments. Valtrus owns the Asserted Patents, is the assignee of the Asserted Patents, and holds exclusionary rights to the Asserted Patents. There is no credible dispute over Valtrus's status as assignee and owner of the patents. Valtrus purchased the patents-in-suit from HPE, and has produced the patent purchase agreement between the parties in this action. *See* Ex. 3; *see also Jefferson St. Holdings Intell. Prop. LLC v. Tech 21 UK Ltd.*, No. 5:18-cv-806-DAE, 2019 WL 5795667, at *2, *4 (W.D. Tex. June 10, 2019) ("35 U.S.C. § 261 states that '[a]pplications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing.' The assignment from Jefferson LLC to Cerinet is in writing and 'assigns to Assignee [Cerinet] all of Assignor's [Jefferson LLC] right, title and interest in' the relevant patents. . . . Accordingly, the Court finds that a preponderance of the evidence presented to the Court in connection with Tech 21's motion to dismiss demonstrates that Jefferson IP is the current title holder in the '319 Patent. Therefore, Jefferson IP has standing to bring this action, and the Court has subject matter jurisdiction."). Because there is nothing in the Declaration of Trust that changes Valtrus's status as the legal holder

of the title to the patents-in-suit, it has Article III standing under the Federal Circuit's decision in *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020) ("Because Ms. Schwendimann's Complaint contained such allegations—that she is the owner by assignment of the '845 patent and Appellants infringed that patent—there is no 'standing' issue to be decided in this appeal."); *see also Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) ("[A]n assignee is the patentee and has standing to bring suit for infringement in its own name." (citing 35 U.S.C. § 100(d))); Ex. 4 (Declaration of Trust) at Appx. 575 § 2 ("█ █ █ █ █"); *id.* at Appx. 581, Schedule 1 § 1.8 (making clear that █ █ █ █). In addition, as set out in the Declaration of Angela Quinlan, attached as Exhibit 5, KPI expressly approved and authorized Valtrus to sue Google for damages before the complaint was filed. *See* Ex. 5 at Appx. 584.

Under these same facts, the District Court for the Eastern District of Texas held that Valtrus has Article III standing to assert patent infringement claims:

> The Court finds that Valtrus has standing because it has at least one exclusionary right in the Asserted Patents. As the Federal Circuit recently stated, "[i]n general, the question for the injury-in-fact threshold is whether a party has ***an*** exclusionary right." *Intell. Tech*, 101 F.4th at 814 (citing *Univ. of S. Fla.*, 19 F.4th 1323). Here, KPI expressly approved and authorized Valtrus to sue SAP for damages before the complaint was filed. (Dkt. No. 55-1 ¶¶ 2, 5 (Ms. Quinlan, Managing Director of KPI, declaring under penalty of perjury that "[i]n [her] capacity for Key Patent, [she] authorized Valtrus's lawsuit against SAP in this action before Valtrus filed it on January 15, 2024.").) The Court also rejects SAP's argument that Ms. Quinlan's declaration should be disregarded or that it contradicts her deposition testimony. Therefore, the Court finds that KPI expressly granted Valtrus at least one exclusionary right.

Ex. 2 at Appx. 213-14 (footnote omitted).

Valtrus recognizes, however, that the District Court in the Eastern District of Texas decided that Valtrus, even as the holder of legal title to the patents with the right to sue, did not have statutory standing to file suit without also including KPI as a co-plaintiff. As such, if this Court were to similarly determine that Valtrus does not have statutory standing, then joining KPI as a plaintiff would resolve any possible standing issues. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1237 (Fed. Cir. 2019) (holding that a plaintiff "should be given an opportunity to join [another party] as a necessary party before this case is dismissed."). The District Court for the Eastern District of Texas recognized this, and held that "KPI should and must be joined as a plaintiff in the above-captioned case under Rule 19 and Federal Circuit precedent." Ex. 2 at Appx. 218. That court explained that "[t]he Court finds dismissal improper, especially because the Federal Circuit has 'interpreted Rule 19 and [*Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926)] as directing courts to join patentees along with licensees who otherwise have standing.' *Lone Star*, 925 F.3d at 1237 (emphasis added)." *Id.* at Appx. 219.

      **C.**      **Valtrus Sought Leave to Add Additional Evidence Regarding the Subject Matter Eligibility of the Patents-in-Suit Prior to the Deadline**

In Opposition to Google's motion to dismiss, Valtrus attached an amended complaint identifying additional evidence for the Court to consider in resolving the motion. (Dkt. No. 53 at 4 ("In an excess of caution, all evidence presented here, including expert testing and analysis, articles, and dependent claims, is also presented in a proposed amended complaint, which Valtrus attaches as Exhibit C. If the Court believes it should consider only allegations in a pleading, Valtrus respectfully requests leave to amend to file formally Exhibit C given the early stage of this litigation and the September 5, 2022 deadline 'to file amended pleadings without first obtaining leave of Court.' Scheduling Order, Dkt. 51."). Valtrus made that request for leave to amend in

May 2022, almost four months before the deadline to file amended pleadings. That motion is still pending, and thus the Court did not address whether that additional evidence was necessary to resolve the motion to dismiss. Out of an abundance of caution, Valtrus has included it in this amended complaint.

## III. LEGAL STANDARD

Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *see also Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995). The well-settled law of the Fifth Circuit holds that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 16(b) applies to determining whether leave to amend pleadings should be granted when the deadline for doing so has already passed. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). In determining whether good cause exists to support an amendment, the court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Rule 19 requires that "[a] necessary party who is subject to service of process and whose joinder will not otherwise destroy a court's subject-matter jurisdiction 'must be joined.' Fed. R.

Civ. P. 19(a)(1). The rule extends its command directly to courts. *See* Fed. R. Civ. P. 19(a)(2) ('If a person has not been joined as required, the court must order that the person be made a party.' (emphasis added))." *Lone Star*, 925 F.3d at 1236.

Rule 20 allows permissive joinder of plaintiffs when "when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsups Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (quoting *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000)). "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

**IV.   ARGUMENT**

    **A.   Valtrus's Motion for Leave to Amend Should Be Granted Under Rule 15(a), or in the Alternative, Under Rules 19 and 20**

Each Rule 16 factor weighs in favor of granting leave to amend the complaint under Rule 15(a). In addition, permissive or required joinder under Rules 19 and/or 20 compel the same outcome, specifically that KPI be added as a plaintiff to this action. In determining whether to allow joinder of a plaintiff after the deadline for adding parties has passed, courts apply the same Rule 16 analysis. *See* Ex. 2 at Appx. 218-19. Valtrus thus analyzes each factor below.

        **1.   There is no prejudice to Google in adding KPI as a plaintiff**

Adding KPI as a plaintiff in this case will not prejudice Google in any way. In terms of corporate structure, KPI is Valtrus's parent entity, but in terms of day to day operations and with respect to third party communications, the parties act in unison.

In fact, prior to and throughout this litigation, Google has treated KPI and Valtrus as identical, interchangeable entities. For example, Google responded in its interrogatories in this

case that "█████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████" Ex. 6 at Appx. 595.  Google also stated that ████████

███████████████████████████████████████████████

████████████████████████████████████████" *Id.* at Appx. 596.

Ms. Quinlan is a KPI employee, however.  In her emails to Google in 2021, she used the email address "angela@keypatentinnovations.ie," and she signed her emails as Managing Director of "Key Patent Innovations, Ltd."  *See* Ex. 7 at Appx. 640.



Moreover, to the extent any additional discovery is needed due to the amendment of the complaint (and there likely will not be), fact discovery is still open.  As this Court has previously noted, "[t]his case has not yet been set for trial, and there are no dates for the close of fact and expert discovery.  Moreover, the Court has not ruled on any dispositive motions, and the Court has not rendered a decision on claim construction." (Dkt. No. 179 at 4.)  "Courts have found prejudice to a defendant when amendments would delay trial, restart a case at an earlier stage, or otherwise unfairly limit a [party's] ability to present their case at trial." *Robles v. Archer W. Contractors,*

*LLC*, No. 3:14-cv-1306-M, 2015 WL 4979020, at *3 (N.D. Tex. Aug. 19, 2015) (collecting cases). That is not an issue here, as the current schedule "provides adequate time to address any issues that might arise." *LBS Innovations, LLC v. Aaron Bros., Inc.*, No. 2:11-cv-142, 2012 WL 12897919, at *3 (E.D. Tex. Nov. 9, 2012) (granting leave to amend when trial was two months away and finding that where granting leave to amend "would not inevitably delay trial or any other deadline," "the availability of a continuance . . . is a neutral consideration"). This factor thus weighs in favor of granting leave to amend. *See OnPoint Sys., LLC v. Protect Animals with Satellites, LLC,* No. 4:20-cv-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021) (finding no undue prejudice where "[d]iscovery is still in its beginning stages and so it would not have to reopen, merely continue").

### 2. There is no need for a continuance, as fact discovery is still open

As discussed above, given the current schedule of the case, there would be no need for a continuance to cure any potential prejudice. There is plenty of time for discovery. This factor thus weighs in favor of granting leave to amend.

### 3. KPI was not added as a plaintiff earlier because Valtrus has standing

Valtrus has constitutional and statutory standing this bring this suit. KPI was not added as a plaintiff earlier because there appeared to be no need to do so. And there was no undue delay once it became clear that at least one defendant intended to challenge Valtrus's standing to assert its own patents. This case was stayed for two years. Valtrus and KPI acted with diligence and haste and filed this motion about two weeks after the stay in this case was lifted. Where the plaintiff has always maintained it has standing, but only seeks to join a plaintiff in response to a challenge against standing, this factor weighs in favor of granting leave. *See Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 4:19-cv-00201-O, 2021 WL 4807666, at *4 (N.D. Tex. Apr. 2, 2021) ("Additionally, while Defendants seek to keep Trench-Tech, Ltd. from being added as a

party plaintiff solely—according to them—to avoid any standing issues, [Plaintiff] Trench Tech International has always maintained that it is the owner of the trade secrets at issue. When the standing issue was first raised, Defendants conceded that deciding it at that time 'would be premature given the state of discovery.' The Court then determined that there was no basis at that time to conclude that Plaintiff lacked standing. Plaintiff had no reason to seek this amendment in the intervening time since that order and Defendants' again raising the standing issue." (citations omitted)).

### 4.  Should the Court determine that Valtrus does not have statutory standing, the amendment is important and necessary

To resolve any potential concerns over statutory standing, joining KPI as a plaintiff is important and necessary for the proper resolution of the case. Defects in statutory standing are curable, and Valtrus must be given the opportunity to join KPI as a necessary party. *See Lone Star*, 925 F.3d at 1236 ("Lone Star argues that, because it has standing, even if it lacks all substantial rights in the patents, it should be given an opportunity to join AMD as a necessary party before this case is dismissed. We agree. This result is compelled by Federal Rule of Civil Procedure 19 and our case law."); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 n.4 (Fed. Cir. 2005) ("If the original plaintiff had Article III standing, any prudential standing concerns may be overcome by adding a plaintiff with proper standing."). This is exactly what the court in the Eastern District held:

> [J]oinder of KPI is important. If the Court does not allow joinder of KPI, then it must dismiss this case as the Court has already found that Valtrus cannot satisfy 35 U.S.C. § 281 on its own. The Court finds dismissal improper, especially because the Federal Circuit has "interpreted Rule 19 and [*Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926)] as *directing courts to join patentees along with licensees who otherwise have standing*." *Lone Star*, 925 F.3d at 1237 (emphasis added). Here, while Valtrus has moved for permissive joinder under Rule 20, it—as well as SAP—has essentially conceded that joinder is required under Rule 19. (Dkt. No. 56 at 4 (Valtrus arguing that if SAP is correct that Valtrus transferred substantial rights to KPI, "then Key Patent should not only

>be permitted to join under Rule 20, but Key Patent would in fact be a 'required party' to this suit under Rule 19 . . . .").) Therefore, the only remaining question is whether KPI's joinder is feasible. Neither Party argues that KPI's joinder is not feasible. The Court therefore finds that joinder is important and this factor strongly supports granting the Motion for Leave.

Ex. 2 at Appx. 219-20.

### B. Valtrus's Motion for Leave to Amend Should Be Granted as to the Dropped Patents and the Additional § 101 Evidence

Valtrus's motion for leave to amend should also be granted as to dismissing the three patents Valtrus no longer intends to pursue, and as to the additional evidence Valtrus identified as part of its opposition to Google's motion to dismiss. Each of the Rule 16 factors weighs in favor of allowing amendment as to these two issues.

With respect to the dropped patents, Google has not identified any reason why they should not be dismissed with prejudice from this case, nor has Google identified any authority that it can prevent Valtrus from doing so.

With respect to the additional evidence Valtrus submitted to the Court in May 2022 (Dkt. No. 53), there is no prejudice to Google because it has had this evidence and the amended allegations in its possession for over two years. There is no need for a continuance as it does not change the scope of the case in any way and discovery is ongoing. Valtrus believed there was no need to move to amend earlier because it had identified the issue for the Court months before the deadline to amend pleadings had passed, but the motion to dismiss has not been resolved. And to the extent the Court believes that only allegations in the operative pleading should be considered as part of resolving Google's motion to dismiss, then the amendment is important so that the Court can consider the full record in resolving that motion.

## V. CONCLUSION

For the foregoing reasons, Valtrus respectfully requests that the Court grant leave to file amended complaint.

Dated:  December 23, 2024                  Respectfully submitted,

By:    /s/ Jason Sheasby

Greg Love (SBN 24013060)
**STECKLER WAYNE & LOVE PLLC**
107 E Main Street
Henderson, Texas 75652
Telephone: (903) 212-4444
E-mail:  greg@stecklerlaw.com

Hon. Paul D. Stickney (Ret.) (SBN 00789924)
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
E-mail:  judgestickney@stecklerlaw.com

Jason Sheasby (admitted *pro hac vice*)
Amy E. Proctor (admitted *pro hac vice*)
Connor He-Schaefer (admitted *pro hac vice*)
Erick Franklund (*pro hac vice* pending)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
E-mail:  jsheasby@irell.com
E-mail:  aproctor@irell.com
E-mail:  che-schaefer@irell.com
E-mail:  efranklund@irell.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel for Valtrus, Greg Love and counsel for Google, David Perlson, conferred via email on December 17 and 18, 2024 to discuss whether Google opposes Valtrus's motion for leave to amend. Google opposes Valtrus's motion.

/s/ *Jason Sheasby*

**CERTIFICATE OF SERVICE**

This is to certify that counsel for Valtrus served the foregoing sealed motion and all exhibits upon counsel for Google on December 23, 2024 via the Court's CM/ECF system.

/s/ *Jason Sheasby*