IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VALTRUS INNOVATIONS LTD.** and **KEY PATENT INNOVATIONS LIMITED,**<br><br>   Plaintiffs,<br><br>v.<br><br>**GOOGLE LLC,**<br><br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No**. 3:22-CV-66-L-BW**<br>§<br>§<br>§<br>§ |

## ORDER

On July 22, 2025, United States Magistrate Judge United States Magistrate Judge Brian McKay entered a Memorandum Opinion and Order ("MOO") (Doc. 294) granting Google LLC's "Motion to Transfer Case out of District/Division" ("Motion to Transfer") (Doc. 237). In doing so, the magistrate judge determined that this patent infringement action should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). On August 6, 2025, Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Limited ("Plaintiffs") filed objections (Doc. 295) to the MOO with respect to the magistrate judge's ruling granting Google LLC's Motion to Transfer.[1] For the reasons herein explained, the court **sustains in part and overrules** in part Plaintiffs' objections (Doc. 295); and **affirms** the magistrate judge's MOO (Doc. 294) granting Google LLC's Motion to Transfer (Doc. 237), as **supplemented and modified** by this order.

---

[1] The magistrate judge's MOO also addressed and ruled on other motions, which are not the subject of Plaintiffs' objections or this order.

I.   **Plaintiffs' Objections**

In their objections, Plaintiffs first contend that the magistrate judge did not apply the correct legal standard in ruling on Google LLC's Motion to Transfer. Specifically, Plaintiffs contend that the magistrate judge applied a preponderance of evidence standard although the Fifth Circuit has held that a mere preponderance of evidence is insufficient to establish good cause for a transfer of venue under 28 U.S.C. § 1404(a). In addition, Plaintiffs argue that the magistrate judge's determinations regarding certain public and private factors are clearly erroneous and contrary to law because the MOO's: (1) analysis of the cost of attendance for willing witnesses did not give sufficient weight to non-party witnesses and disregarded the Fifth Circuit's 100-mile rule; (2) conclusion that the practical problems that make trial of a case easy, expeditious, and inexpensive "weighs only slightly against transfer" is contrary to case law in this district in which delay in seeking transfer can serve as the sole basis for denial of a transfer; (3) analysis of the local interest in having localized interests decided at home does not account for location of the alleged wrong; and (4) analysis of the relative ease of access to sources of proof does not consider Google LLC's failure to show that the Northern District of Texas lacks any evidence relating to the case or available evidence that supports a contrary conclusion.

II.   **Legal Standard Applicable to Nondispositive Matters**

Google LLC's Motion to Transfer involves resolution of a nondispositive issue—whether transfer of venue is appropriate under 28 U.S.C. § 1404(a). A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless

"on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. Unites States Gypsum Co.*, 333 U.S. 364, 395 (1948). As explained by the court in *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285 (N.D. Tex. May 12, 2009):

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Id.* at *2 (citations and internal quotations marks omitted).

### III. Discussion

With respect to their first objection regarding the appropriate legal standard, Plaintiffs are correct that a preponderance of evidence standard does not apply in determining whether the movant has satisfied its burden of establishing that good cause exists under 28 U.S.C. § 1404(a) for a transfer of venue. As the Fifth Circuit explained in *In re Clarke*, 94 F.4th 502 (5th Cir. 2024), "a mere preponderance of the evidence is insufficient." *Id.* at 508 & n.3 (citation omitted). Thus, the "standard is not met by showing one forum is more likely than not to be more convenient." *Id.* Instead, transfer under 28 U.S.C. § 1404(a) is only appropriate when:

> the moving party "clearly establishes good cause" by "clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Def[ense] Distrib[.] v. Bruck*, 30 F.4th 414, 433 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*")) (cleaned up). It is the movant's burden—and the movant's alone—to "adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *Id.*

>> At minimum, showing "good cause" requires the movant "clearly [to] demonstrate" that its chosen venue is "clearly more convenient." *Id.* That standard is not met if the movant merely shows that the transferee venue "is more likely than not to be more convenient." *Id.* Likewise, "the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Id.*
>
>> Accordingly, to establish "good cause," a movant must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue.

*In re Clarke*, 94 F.4th at 508.

While the magistrate judge's MOO applied a preponderance of evidence standard, the court determines that the magistrate judge's thorough analysis of the public and private factors for transfer of venue supports granting Google LLC's Motion to Transfer even under a "clearly establishes good cause" standard. Moreover, the magistrate judge considered all matters objected to by Plaintiffs in addressing the private and public factors, and he correctly applied the law pertaining to such factors in determining that the evidence supports the transfer of this patent infringement action to the Northern District of California. To the extent Plaintiffs argue otherwise, the court disagrees with Plaintiffs' characterizations regarding the correctness of the magistrate judge's analysis and the sufficiency of evidence supporting the transfer.

Having considered Google LLC's Motion to Transfer, the parties' briefs, the file, the magistrate judge's MOO, and record in this case, and after conducting a de novo review of that portion of the MOO to which objection was made by Plaintiffs, the court determines that, while the magistrate judge applied the wrong legal standard in ruling on Google LLC's Motion to Transfer, the magistrate judge's analysis nevertheless supports the transfer of this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Accordingly, the court **sustains** Plaintiffs' objections to the extent that they contend that the magistrate judge incorrectly applied a preponderance of evidence standard in ruling of Google

LLC's Motion to Transfer. Plaintiffs' objections are **otherwise denied** in light of the court's determination that transfer of this action pursuant to 28 U.S.C. § 1404(a) is appropriate even considering the parties' arguments and the magistrate judge's analysis of the applicable public and private factors under the "clearly establishes good cause" standard. In other words, consideration of the public and private factors and application of the law applicable to such factors to the facts of this case support the conclusion that the Northern District of California is a "clearly more convenient" venue. *In re Clarke*, 94 F.4th at 508 (citation omitted).

## IV.    Conclusion

For the reasons stated, the court **sustains in part and overrules** in part Plaintiffs' objections (Doc. 295); and **affirms** the magistrate judge's MOO (Doc. 294) granting Google LLC's Motion to Transfer (Doc. 237), as **supplemented and modified** by this order. Pursuant to § 1404(a), this action is **transferred** to the United States District Court for the Northern District of California, and clerk of the court **shall effect** the transfer **forthwith** in accordance with the usual procedure without further delay.[2]

**It is so ordered** this 20th day of August, 2025.

Sam A. Lindsay
United States District Judge

---

[2] The 21-day stay under Local Civil Rule 62.2 for transferred cases has expired, and the court has ruled on Plaintiffs' objections. Thus, no further stay or delay in the transfer of this action is warranted.

**Order – Page 5**