HOGAN LOVELLS US LLP
David Perlson (Bar No. 209502)
Antonio Sistos (Bar No. 238847)
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
415-374-2412 (Telephone)
415-374-2499 (Facsimile)

Attorneys for Defendant
GOOGLE LLC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

VALTRUS INNOVATIONS, LTD. and KEY PATENT INNOVATIONS LIMITED,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:25-cv-07063-PCP
Consolidated with 3:24-cv-01795-L (N.D. Tex.)

**GOOGLE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER THE RULE AGAINST CLAIM SPLITTING OR THE DOCTRINE OF DUPLICATIVE LITIGATION**

Judge: Honorable P. Casey Pitts
Mag. Judge: Honorable Nathanael Cousins

Before this case was transferred (Dkt. 297) and while pending in the Northern District of Texas, Google filed its Motion to Dismiss Plaintiffs' First Amended Complaint Under the Rule Against Claim Splitting or the Doctrine of Duplicative Litigation filed in the now consolidated case *Valtrus Innovations Ltd. and Key Patent Innovations Limited v. Google* LLC, Case No. 3:24-cv-01795-L (N.D. Tex.) ("*Valtrus II*"). *Valtrus II*, Dkt. 53 ("*Valtrus II* Motion to Dismiss" or "*Valtrus II* MTD"). Google filed its *Valtrus II* Motion to Dismiss citing Fifth Circuit authority and authority from the Northern District of Texas ("NDTX").

Now that this case has been transferred, Google seeks leave to file a short three-and-a-half-page supplemental brief, attached hereto as Exhibit A, to provide this Court with relevant authority from the Ninth Circuit and this District. *E.g.*, *In re Anthem, Inc.*, No. 15-MD-02617-LHK, 2015 WL 5286992, at *2 (N.D. Cal. Sept. 9, 2015) (ordering supplemental briefing on motion to remand to address Ninth Circuit law because motion was briefed before in the Eastern District of Missouri under Eighth Circuit law) (citing *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994)). Google does not intend to make new arguments, but rather to provide Ninth Circuit and NDCA law supporting the applicable arguments in its Memorandum and Points of Authorities and Reply Brief. *Valtrus II*, Dkt. 53; Dkt. 251 (*Valtrus II* MTD Reply Brief). Nor does Google seek to reargue its previous points under the cited Ninth Circuit cases and cases from this District through this proposed supplemental brief. If the Court prefers further argument under the Ninth Circuit authority and authority from this District, Google is happy to provide it.

Valtrus has stated that it opposes Google's request for leave because, in Valtrus's current view, Google's *Valtrus II* Motion to Dismiss has already been denied and/or is no longer pending due to the NDTX Court's *sua sponte* order consolidating *Valtrus I* and *Valtrus II*, and closing *Valtrus II*, on March 4, 2025. *Valtrus I*, Dkt. 242 (the "Consolidation Order"). Initially, Valtrus's suggestion that consolidation and/or closure of *Valtrus II* operated to somehow deny Google's pending *Valtrus II* Motion to Dismiss. This is incorrect as a matter of law. Indeed, Google cited numerous cases in explaining how dismissal remains an available and appropriate remedy even after consolidation. *Valtrus II*, Dkt. 53 at 19–21; Dkt. 251 at 1–4 (collecting cases); *see also*

*McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("But consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity . . . ").

Further, Valtrus's position that Google's *Valtrus II* Motion to Dismiss has already been ruled on is directly contradicted by the record, including Valtrus's own prior statements. Initially, the short Consolidation Order makes no mention of Google's then-pending *Valtrus II* Motion to Dismiss at all, much less suggesting it was denied.

Thus, when the parties filed a joint status report on March 17 that in which they jointly listed "the motions pending before the Court," they included Google's *Valtrus II* MTD among four other pending motions. Dkt. 254 at 2. In its portion, Valtrus listed Google's *Valtrus II* MTD as number three of the five pending motions in terms of the priority of its disposition. Valtrus did argue that in "Plaintiffs' view, the Court's consolidation of the two actions is dispositive as to this motion," and that "Defendant's motion has been effectively mooted by the consolidation of the two cases." *Id.*at 4. But Valtrus explicitly acknowledged Google's *Valtrus II* MTD motion still needed disposition by the Court, arguing that "the Court *should* deny Defendant's motion." *Id.* (emphasis added).

Pursuant to the Court's September 18 Reassignment Order (Dkt. 310), on October 3, Google re-noticed the *Valtrus II* Google MTD for December 18, 2025, on a date Valtrus agreed it would be available for hearing on this motion.

Only after Google sought Valtrus's agreement to Google's current motion for leave on October 24, did Valtrus first contend that Google's *Valtrus II* MTD has actually been denied by the Court. As the record shows, including through Valtrus's own prior statements, this is baseless—no court has ruled on Google's *Valtrus II* MTD and it remains pending—and provides no reason to deny Google's request for leave. Indeed, what Valtrus is suggesting, considering Google's *Valtrus II* Motion to Dismiss denied or resolved without a court order actually saying or even discussing that, would be a basic violation of Google's due process rights. Notably, while Valtrus newfound position is that Google's *Valtrus II* Motion to Dismiss has somehow been ruled on in the Consolidation Order that does not mention it or by the mere administrative "closing" of *Valtrus II*

by virtue of consolidation, Valtrus nonetheless believes its own causes of action in *Valtrus II* are live and exist separately from the claims in *Valtrus I*.

Additionally, Valtrus argues that Google's request for leave should be denied because Ninth Circuit authority is irrelevant to Google's *Valtrus II* MTD because it is effectively a motion for reconsideration of something already decided (either directly or "effectively") by the NDTX Court under Fifth Circuit and NDTX authority. Again, however, while Valtrus argued that Google's *Valtrus II* Motion to Dismiss could be mooted by consolidation (*Valtrus II*, Dkt. 65 at 14) and the Court "should" deny Google's *Valtrus II* MTD (Dkt. 254 at 4), the NDTX Court never ruled on this. Thus, because Google's *Valtrus II* MTD remains pending and now that the case has been transferred to this Court, Ninth Circuit and NDCA authority is relevant as noted above.

Accordingly, Google's motion for leave to file a supplemental brief should be granted.

Dated: November 5, 2025

Respectfully submitted,

By: /s/ David A. Perlson

David A. Perlson
Antonio Sistos

**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
(415) 374-2300 (Telephone)
(415) 374-2499 (Facsimile)

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**