Jason G. Sheasby (SBN 205455)
*jsheasby@irell.com*
Andrew Strabone (SBN 301659)
*astrabone@irell.com*
Connor R. He-Schaefer (SBN 341545)
*che-schaefer@irell.com*
Erick Franklund (SBN 348400)
*efranklund@irell.com*
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:25-cv-07063-PCP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF (DKT. 337)**<br><br>Judge: Hon. P. Casey Pitts |

Google's Administrative Motion should be denied because it has not shown—and cannot show—good cause to grant the relief sought.

A party must show "good cause" to justify the filing of a supplemental brief. *Moore v. Verizon Commc'ns, Inc.*, No. C 09-1823 SBA, 2013 WL 450365, at *4 (N.D. Cal. Feb. 5, 2013). As an initial matter, "[g]ood cause exists where the moving party has acted diligently and the opposing party will not be prejudiced." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. Feb. 14, 2017). "The moving party bears the burden of first establishing diligence." *Id.* If the relief sought is timely, the moving party may establish good cause by "show[ing] that additional briefing on the[] issues is necessary or appropriate." *Moore*, 2013 WL 450365, at *4 (denying application for leave to file supplemental brief).

***First***, Google makes no attempt to satisfy its burden to show that good cause supports its belated request or that it has acted diligently. *See generally* Dkt. 337. This case was transferred from the Northern District of Texas on August 21, 2025. *See* Dkt. 297. The present Administrative Motion comes two and a half months later, and Google provides no excuse for the delay. *See Howard v. Tanium, Inc.*, No. 21-cv-09703-JSC, 2024 WL 5112747, at *4 (N.D. Cal. Dec. 12, 2024) (delay "weighs against a finding of good cause"). Because it was Google's burden to establish that it acted in a timely manner—and Google made no attempt to do so—its request should be denied.

***Second***, Google cannot show good cause because its Administrative Motion is a futile attempt to second-guess Judge Lindsay's exercise of discretion, and is thus unnecessary and improper, and it would result in undue prejudice to Plaintiffs. Google effectively seeks reconsideration under the law of the Northern District of California because Google believes it is more favorable. But Google filed its motion in the Northern District of Texas before this case was transferred. And "[t]here is nothing . . . in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue." *Van Dusen v. Barrack*, 376 U.S. 612, 633-34 (1964).

In the Northern District of Texas, consolidation is a discretionary alternative to dismissal in instances of claim splitting. *See, e.g.*, Order at 6, *Cigniti Techs., Inc. v. Govinsadamy*, No. 3:23-cv-2460-L (N.D. Tex. Sept. 30, 2024) (Lindsay, J.) (Dkt. 38) ("Even if this court determines that there

is claim splitting, courts have the discretion to dismiss a case on such a basis."); *Janvey v. Willis of Colo. Inc.*, No. 3:13-cv-3980-N, 2014 WL 12670763, at *7 (N.D. Tex. Dec. 5, 2014) (declining to dismiss claims "for improper claim splitting" and finding "consolidation sufficient to conserve judicial resources"); *VanDerStok v. Garland*, 680 F. Supp. 3d 741, 757 (N.D. Tex. 2023) ("That rule [against claim splitting] permits—but does not require—a court to dismiss a second complaint"), *vacated in part on other grounds*, 86 F.4th 179 (5th Cir. 2023).

In its Motion to Dismiss (*Valtrus II*, Dkt. 54), Google incorrectly argued that "[a]ny attempt by Valtrus consolidate *Valtrus II* with *Valtrus I*" would "be improper," *id.* at 7 n.7 (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)). After Plaintiffs explained that Northern District of Texas courts "may and often do exercise their discretion to consolidate the cases" when doing so is appropriate "to conserve judicial resources," Opp. (*Valtrus II*, Dkt. 65) at 9 (citing *Janvey*, 2014 WL 12670763, at *7), Judge Lindsay exercised his discretion to consolidate *Valtrus II* with *Valtrus I* "in the interest of judicial economy" and ordered that *Valtrus II* "is hereby closed." Order (*Valtrus II*, Dkt. 69) at 1.

To the extent Google's motion remains pending in the closed *Valtrus II* action, it has been, as Plaintiffs explained in the Joint Status Report, "effectively mooted by the consolidation of the two cases." Dkt. 254 at 4. Google should not be given a second bite of the apple under this District's law simply because it was dissatisfied with Judge Lindsay's decision to consolidate *Valtrus II* with *Valtrus I*.

The Court should deny Google's untimely Administrative Motion for failure to show good cause.

Dated: November 10, 2025

Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ Erick Franklund*

Jason G. Sheasby
Andrew Strabone
Connor R. He-Schaefer
Erick Franklund
*Attorneys for Plaintiffs*
VALTRUS INNOVATIONS LTD. and
KEY PATENT INNOVATIONS LIMITED

**CERTIFICATE OF SERVICE**

I am employed in the State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On November 10, 2025, I served the following documents described below:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

☒ (BY ELECTRONIC FILING) By filing the foregoing document through the Court's Case Management/Electronic Case Files (CM/ECF) system, notice of and access to the foregoing document has been provided to the following individuals:

David Andrew Perlson
david.perlson@hoganlovells.com
Antonio Sistos
ton.sistos@hoganlovells.com
Celine Jimenez Crowson
cline.crowson@hoganlovells.com
Christine Pinnkathok
Christine.pinnkathok@hoganlovells.com
Jiaxing (Kyle) Xu
Kyle.xu@hoganlovells.com

Deepa Acharya
deepaacharya@quinnemanuel.com
Michael Trombetta
miketrombetta@quinnemanuel.com
Patrick James Stafford
patrickstafford@quinnemanuel.com
Elle Xuemeng Wang
ellewang@quinnemanuel.com
Haihang Wang
haihangwang@quinnemanuel.com

Joshua David Lang
jlang@lynnllp.com
Julia Annette Simon
jsimon@lynnllp.com
Chelsey Ann Till
ctill@lynnllp.com

Executed on November 10, 2025, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Erick Franklund | */s/ Erick Franklund* |
| (Type or print name) | (Signature) |