Jason G. Sheasby (SBN 205455)
*jsheasby@irell.com*
Andrew Strabone (SBN 301659)
*astrabone@irell.com*
Connor R. He-Schaefer (SBN 341545)
*che-schaefer@irell.com*
Erick Franklund (SBN 348400)
*efranklund@irell.com*
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:25-cv-07063-PCP<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM A JUDGMENT OR ORDER, OR, IN THE ALTERNATIVE, TO AMEND OR ALTER JUDGMENT (DKT. 385)**<br><br>Judge: Hon. P. Casey Pitts<br>Magistrate Judge: Hon. Nathanael Cousins<br><br>Hearing: June 4, 2026 at 10:00 a.m. |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. The Court Should Not Have Dismissed *Valtrus II* After Dismissing *Valtrus I* Without Prejudice ..... 2

II. Plaintiffs' Arguments Were Timely and Properly Raised Under Rules 60(b) and 59(e) ..... 6

CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Cal. Dep't of Health Servs.*,
487 F.3d 684 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) .......... 3

*Avago Techs. Gen. IP (Sing.) PTE Ltd. v. Asustek Comput., Inc.*,
No. 15-cv-04525-EMC, 2016 WL 1623920 (N.D. Cal. Apr. 25, 2016) .......... 3

*Bailey v. United States*,
94 F. Appx. 828 (Fed. Cir. 2004) .......... 4

*Benson v. JP Morgan Chase Bank, N.A.*,
673 F.3d 1207 (9th Cir. 2012) .......... 2, 7, 8

*Borrero v. United Healthcare of N.Y., Inc.*,
610 F.3d 1296 (11th Cir. 2010) .......... 4

*Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*,
95 F.3d 358 (5th Cir. 1996) .......... 5, 6

*Kennedy v. Floridian Hotel Inc.* (*Floridian I*),
No. 1:18-cv-20839-UU (S.D. Fla. Dec. 7, 2018), ECF No. 53 .......... 5

*Kennedy v. Floridian Hotel Inc.* (*Floridian II*),
No. 0:18-cv-62486-UU (S.D. Fla. Apr. 3, 2019), ECF No. 14 .......... 5

*Kingvision Pay-Per-View v. Lake Alice Bar*,
168 F.3d 347 (9th Cir. 1999) .......... 8

*Kona Enters., Inc. v. Est. of Bishop*,
229 F.3d 877 (9th Cir. 2000) .......... 8

*Medtronic Ireland Mfg. Unlimited Co. v. Recor Med., Inc.*,
No. 25-cv-05881-TLT (N.D. Cal. Mar. 23, 2026) .......... *passim*

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) .......... 6

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
No. 19-cv-03345-EMC, 2019 WL 4963253 (N.D. Cal. Oct. 8, 2019) .......... 3

*Oliney v. Gardner*,
771 F.2d 856 (5th Cir. 1985) .......... 5, 6

*Sidney v. Zah*,
718 F.2d 1453 (9th Cir. 1983) .......... 3

**Page**

*Sound Around, Inc. v. O'Donnell*,
No. 23-12479, 2025 WL 2887175 (11th Cir. 2025) .......... 4, 5, 8

*Srinivasan v. Devry Inst. of Tech.*,
53 F.3d 340 (9th Cir. 1995) (unpublished table decision) .......... 2, 7

*Whittaker Corp. v. Execuair Corp.*,
953 F.2d 510 (9th Cir. 1992) .......... 6

**Rules**

N.D. Cal. Civ. L.R. 7-3(d)(2) .......... 9

Fed. R. Civ. P. 59(e) .......... 1, 6, 7, 8

Fed. R. Civ. P. 60 .......... *passim*

**Other Authorities**

Restatement (Second) of Judgments § 26 (1982) .......... *passim*

## INTRODUCTION

Valtrus and Key Patent ask the Court to decide one issue: whether dismissal of *Valtrus II* for claim splitting was proper after dismissal of *Valtrus I* without prejudice. If it was not, then a mistake was committed, and relief from the judgment should be granted under Rules 60(b) and 59(e).

The *Recor* court, following a recent decision by another Ninth Circuit district court, correctly explained that "[t]he doctrine of claim splitting 'does not apply once the other lawsuit has been dismissed without prejudice.'" Order at 7, *Medtronic Ireland Mfg. Unlimited Co. v. Recor Med., Inc.*, No. 25-cv-05881-TLT (N.D. Cal. Mar. 23, 2026) (quoting *Anderson v. Idaho*, No. 1:24-CV-00138-DCN, 2026 WL 309598, at *3 (D. Idaho Feb. 5, 2026)) (the "3/24 *Recor* Order," accessible at Dkt. No. 385-2). In doing so, the *Recor* court adopted "the exceptions to the general rule regarding claim-splitting under the Restatement (Second) of Judgments," including when "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts." *Id.* at 8-9 (parentheticals omitted).

Although Google previously asked this Court to "reach the same result as in *Recor*," Dkt. No. 321, at 14, Google now "disagrees with" the *Recor* court's later decision, Dkt. No. 388, at 11. Google asks this Court to break from recent Ninth Circuit district court authority—the only Ninth Circuit authority to deal with this exact issue—holding that claim splitting does not apply once another lawsuit has been dismissed without prejudice. Indeed, Google does not and cannot identify a single decision from within the Ninth Circuit in which a court determined that it is proper to dismiss a second action for claim splitting after dismissing the first for an incurable jurisdictional defect. Google instead relies on inapposite authority from "other courts," including two Fifth Circuit decisions that are roughly thirty and forty years old, respectively. Dkt. No. 388, at 7.

Google's waiver argument provides no refuge from the merits. Valtrus and Key Patent's motion is based on the Court's order dismissing *Valtrus II*, which occurred after Valtrus and Key Patent made this precise argument during the hearing, Dkt. No. 385-3, at 49:25-50:5 ("… there's no claim splitting with *Valtrus II* because there are no claims that the Court can deal with in *Valtrus I*."), and before the *Recor* court issued its March 23 order. Google also fails to cite a single case in

which the Court refused to consider a Rule 60(b) motion because the underlying argument was purportedly waived. Instead, Google misrepresents two Ninth Circuit cases, *Srinivasan v. Devry Inst. of Tech.*, 53 F.3d 340 (9th Cir. 1995) (unpublished table decision), and *Benson v. JP Morgan Chase Bank, N.A.*, 673 F.3d 1207 (9th Cir. 2012), which neither state nor imply that a court may deny a Rule 60(b) motion because the arguments were presented post-judgment. Rule 60 simply requires that arguments "be made within a reasonable time" and, with respect to mistake, "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Valtrus and Key Patent satisfied those requirements.

## ARGUMENT

### I. The Court Should Not Have Dismissed *Valtrus II* After Dismissing *Valtrus I* Without Prejudice

The rule against claim splitting could not have applied to *Valtrus II* after *Valtrus I* was dismissed because that case fell squarely within an exception: Valtrus was incapable of recovery in *Valtrus I*, which the Court dismissed without prejudice due to a jurisdictional defect. As the *Recor* court explained just five days after this Court entered judgment: "[t]he doctrine of claim splitting 'does not apply once the other lawsuit has been dismissed without prejudice.'" 3/24 *Recor* Order, at 7 (quoting *Anderson*, 2026 WL 309598, at *3).

Google never confronts this critical holding in *Recor*.

Google focuses on whether the elements of claim splitting are present rather than whether an exception to the rule applies. *See* Dkt. No. 388, at 6-7. Whether a plaintiff is pursuing two cases "at the same time" does not, contrary to Google's assertion, "end the inquiry." *Id.* The *Recor* court analyzed that precise language—noting that a plaintiff "generally" cannot pursue overlapping cases "at the same time"—and concluded that the doctrine of claim splitting nevertheless "does not apply" in situations such as those here. 3/24 *Recor* Order, at 7-8 ("[T]he Court finds that *Recor II* squarely fits within the exceptions to the general rule regarding claim-splitting under the Restatement (Second) of Judgments.").

Google's challenge to *Recor*'s application to the facts of this case is unsupported and conclusory. Citing no authority, Google proclaims that, "[e]ven assuming *Recor II* was correctly

decided, that court's reasoning does not apply where, as here, Plaintiffs filed *Valtrus II* years before *Valtrus I* was 'dismissed without prejudice.'" Dkt. No. 388, at 10. The *Recor* court did not cabin its reasoning to when the second case was filed after the first. Instead, it found an exception to the rule against claim splitting where "[t]he plaintiff (Medtronic) was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action (*Recor I*) because of the limitations on the subject matter jurisdiction of the courts." 3/24 *Recor* Order, at 8-9. The same reasoning applies to this case. Because this Court found no subject matter jurisdiction over *Valtrus I*, the case *de jure* never existed. *See* Ex. 3 (12/18/2025 Hr'g Tr.) at 37:7-12 ("The Court: … if [Google is] right on Article III, then there's no case or controversy until the filing of the second case, and so the statute of limitations runs from that.").

According to Google, the *Recor* court's reliance on § 26 of the Restatement (Second) of Judgments (1982), titled "General Rule Concerning Splitting," was erroneous because "the operative text makes clear that the section lists exceptions to claim preclusion, not claim splitting." Dkt. No. 388, at 10. Google reads § 26 too narrowly; it applies to both claim preclusion and—as the name of the section suggests—claim splitting. As the Ninth Circuit has explained, "the exceptions to the general rule against claim splitting [are] recognized by the Restatement (Second) of Judgments § 26." *Sidney v. Zah*, 718 F.2d 1453, 1459 (9th Cir. 1983). It would not make sense to limit the Restatement's applicability to instances in which the second case came after judgment had been entered in the first because § 26 contemplates a situation in which "the plaintiff is simultaneously maintaining separate actions." Restatement (Second) of Judgments § 26 cmt. a. Google also ignores the relationship between claim preclusion and claim splitting, such that Ninth Circuit courts "borrow from the test for claim preclusion" when analyzing allegations of claim splitting. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Rather than treat claim splitting and claim preclusion as wholly separate doctrines—as Google advocates—courts in this District have consistently described the rule against claim splitting as a "form" or "sub-species" of res judicata. *E.g.*, *Avago Techs. Gen. IP (Sing.) PTE Ltd. v. Asustek Comput., Inc.*, No. 15-cv-04525-EMC, 2016 WL 1623920, at *2 (N.D. Cal. Apr. 25, 2016); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No.

19-cv-03345-EMC, 2019 WL 4963253, at *4 (N.D. Cal. Oct. 8, 2019).

Google's fallback argument—that the jurisdictional defect in *Valtrus I* was not a "formal barrier" under the Restatement—fares no better because the Restatement draws no distinction between types of formal barriers based on Srinivasahow they arose. Dkt. No. 388, at 11. A "limitation[] on the subject matter jurisdiction of the court[]" is a "formal barrier" under the Restatement, meaning the general rule concerning splitting "does not apply." Restatement (Second) of Judgments § 26 & cmt. c; *see also Bailey v. United States*, 94 F. Appx. 828, 831 (Fed. Cir. 2004) (noting that "[t]here was a formal barrier to [the plaintiff's] claim of breach of contract and demand for relief" because "[j]urisdiction for contract claims greater than [$10,000] lies in the Court of Federal Claims").

Google also urges this Court to ignore Eleventh Circuit authority that addresses this exact issue. Dkt. No. 388, at 11-13. The court in *Borrero v. United Healthcare of N.Y., Inc.* explains that "[i]t is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims." 610 F.3d 1296, 1307 (11th Cir. 2010). And in *Sound Around, Inc. v. O'Donnell*, the court properly applied *Borrero*'s reasoning to a district court's application of the claim splitting doctrine, holding that, "because the district court in *Sound Around I* lacked subject matter jurisdiction, the rule against claim splitting could not have barred the action in *Sound Around II*." No. 23-12479, 2025 WL 2887175, at *8 (11th Cir. 2025) (footnote omitted) (citing *Borrero*, 610 F.3d at 1307). Google argues that the facts in *Sound Around* were "very different" from those here, Dkt. No. 388, at 12, but the facts could hardly be closer: the plaintiff filed the second lawsuit while the first lawsuit was pending, but because the district court never had subject matter jurisdiction over the first suit, it was error to dismiss the second:

> In the first federal lawsuit, which we refer to as *Sound Around I*, Sound Around sued Fund VII and HLM, seeking specific performance of the parties' purchase agreement. ***While Sound Around I was pending***, Sound Around filed a second federal lawsuit, which we call *Sound Around II*, against Douglas O'Donnell, who signed the purchase agreement on behalf of Fund VII. The district court dismissed *Sound Around II,* concluding that Sound Around had engaged in improper claim splitting. . . . After careful consideration, we affirm the district court's dismissal of *Sound Around I* for lack of subject matter jurisdiction. Because the district court never had jurisdiction in *Sound Around I*, it follows that the district court erred in dismissing *Sound Around II* for improper claim splitting.

*Sound Around,* 2025 WL 2887175, at *1 (emphasis added). There is no indication that the outcome depended in any way on the plaintiff's reasons for filing *Sound Around II*, as Google now suggests.

Google also argues that *Sound Around* "was wrongly decided" in light of *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221 (11th Cir. 2021), because *Kennedy* "affirmed a claim splitting dismissal in circumstances much closer to those presented in this case." Dkt. No. 388, at 12-13. Not so. Unlike Valtrus, the *Kennedy* plaintiff could have pursued the relevant claim from her second case in the first before the district court terminated the first case at summary judgment. *See Kennedy*, 998 F.3d at 1237 (noting that the plaintiff "had the opportunity to include her additional factual allegations regarding Floridian's ORS" in *Floridian I*). The plaintiff failed to include the claim in her first case even after the district court granted her leave to amend. *See id.* ("Kennedy was allowed leave to amend in *Floridian I*[.]"). She therefore chose to pursue the relevant claim only in the second case—consistent with her "status as a serial litigant" with a known "haphazard approach to ADA testing." Order at 18, *Kennedy v. Floridian Hotel Inc.* (*Floridian I*), No. 1:18-cv-20839-UU (S.D. Fla. Dec. 7, 2018), ECF No. 53. Then, after she voluntarily withdrew her appeal in the first case, Order of Dismissal of USCA, *Floridian I* (S.D. Fla. Feb. 5, 2019), the district court dismissed the relevant count from her second case, finding that it arose "out of the same nucleus of operative facts as the previous complaint," Order at 10, *Kennedy v. Floridian Hotel Inc.* (*Floridian II*), No. 0:18-cv-62486-UU (S.D. Fla. Apr. 3, 2019), ECF No. 14. In other words, the *Kennedy* plaintiff did not suffer an incurable jurisdictional defect from the outset; she could have pursued the relevant claim in the first case. 998 F.3d at 1228. By contrast, in *Sound Around*, "complete diversity was lacking" "at the time the complaint in *Sound Around I* was filed." 2025 WL 2887175, at *4. Just as in *Recor* and this case, the *Sound Around* plaintiff was "unable" to seek "relief in the first action because of the limitations on the subject matter jurisdiction of the courts." Restatement (Second) of Judgments § 26. That was not the case in *Kennedy*.

Google's arguments concerning two Fifth Circuit decisions—*Friends of the Earth, Inc. v. Crown Central Petroleum Corp.*, 95 F.3d 358 (5th Cir. 1996), and *Oliney v. Gardner*, 771 F.2d 856 (5th Cir. 1985)—fail for similar reasons. *Friends of the Earth* proceeded to summary judgment, at which point the plaintiff "refiled its complaint" to "circumvent[] the rules pertaining to the

amendment of complaints." 95 F.3d at 360, 362. Like the plaintiff in *Kennedy*, there is no indication that the plaintiff in *Friends of the Earth* could not have included the allegations from the second case in the operative complaint in the first for the district court's consideration. *Oliney* is even further removed from the facts of this case. There, in an era before the adoption of e-filing, the plaintiff "kept the filing of the second suit hidden from the court and opposing counsel" in a "deliberate[] attempt[] to circumvent" a local rule and the Federal Rules of Civil Procedure. 771 F.2d at 859. As the court explained, rather than withhold service of the second complaint until the earlier case was dismissed, the plaintiff could have "amended his initial complaint." *Id.* at 858-59. Here, no amendment could have cured the jurisdictional defect the Court found present at the outset of *Valtrus I*, and *Valtrus II* was not an untimely vehicle to add new claims or allegations. Instead, *Valtrus II* cured the jurisdictional defect the Court found in *Valtrus I*. *Valtrus II* was therefore an exception to the rule against claim splitting.

## II. Plaintiffs' Arguments Were Timely and Properly Raised Under Rules 60(b) and 59(e)

Google argues that this Court should disregard *Recor* and decline to consider the legal question as to whether an exception to the rule against claim splitting applies in *Valtrus II* on the grounds of alleged waiver. Google is wrong for at least two reasons.

First, Plaintiffs presented the argument raised in their motion to the Court before it issued the order dismissing *Valtrus I* and *Valtrus II* and entered judgment, as explained in Plaintiffs' motion. Contrary to Google's characterizations, "no 'bright line rule' exists to determine whether a matter has been properly raised below." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). "'A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it.'" *Id.* (quoting *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989)). "This principle accords to the district court the opportunity to reconsider its rulings and correct its errors." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010); *see also Whittaker*, 953 F.2d at 515 (finding that a motion for reconsideration "gave the district court a clear opportunity to review the validity of its order," and considering the merits of the appeal).

Plaintiffs sufficiently raised the argument in their motion during the hearing on Google's motions to dismiss. Briefing on Google's motion to dismiss *Valtrus II* on claim splitting grounds

was completed six months before Google moved to dismiss *Valtrus I* on standing grounds. Dkt. No. 385, at 5. The Court heard both motions at the same hearing, during which it pressed Google to explain how, if Google were "right" in *Valtrus I* and the Court "dismiss[ed] Valtrus on some Article III grounds," Key Patent would be "getting more from consolidation than it otherwise would get." Ex. 3 at 36:17-37:3. When Google responded that Key Patent "is getting more from the claim splitting itself," the Court explained that Key Patent could not have received any benefit from *Valtrus I* given the jurisdictional defect:

> The Court: But it wouldn't benefit from the first case, right? It's not getting any benefit from the filing of the first case because you're not -- because if you're right on Article III, then there's no case or controversy until the filing of the second case, and so the statute of limitations runs from that. So you're not getting -- the fact that you split them, you know, you're losing some of the benefit in the other case, but if there's an Article III problem there, but you're not -- I'm not sure I see the argument about the sort of improper benefit that is resulting.

Ex. 3 at 37:4-17. Just as the Court noted that "there's no case or controversy until the filing of the second case," counsel for Plaintiffs argued that, in the event *Valtrus I* were dismissed on jurisdictional grounds, the rule against claim splitting would not apply because *Valtrus I* never had a claim the Court could have considered:

> If the Court does not have Article III standing to hear this case, I don't think that there is a claim splitting issue. I think the Court wouldn't have had Article III jurisdiction from the outset of *Valtrus I*, so there's no claim splitting with *Valtrus II* because there are no claims that the Court can deal with in *Valtrus I*.

*Id.* at 49:25-50:5. This hearing was the first time the claim splitting issue was addressed following completion of briefing on that motion. The Court ultimately did not consider whether dismissal of *Valtrus I* on standing grounds created an exception to the rule against claim splitting in *Valtrus II*. Plaintiffs respectfully submit that *Valtrus II* should not have been dismissed, and that the Court should exercise its discretion under Rules 60(b) and 59(e) to allow the case to proceed.

Second, Rule 60(b) does not require any argument to have been previously raised, and Google misrepresents Ninth Circuit case law concerning Rule 60(b). *Srinivasan* and *Benson* are not examples of "routine[]" Rule 60(b) denials where a party did not present its argument before judgment. Dkt. No. 388, at 3. In *Srinivasan*, the plaintiff, who at times appeared *pro se*, did not file a notice of appeal within thirty days of the entry of judgment against her, and the district court found

her "motions to alter or amend the judgment and to impeach witnesses" untimely. 53 F.3d at *1. Nevertheless, the Ninth Circuit construed the plaintiff's untimely motion as one brought under Rule 60(b) and, importantly, considered the merits of that motion. *Id.* at *2. In *Benson*, the Ninth Circuit concluded "that the district court's dismissal was proper," meaning "there was no basis to reopen the judgment under Rule 60(b)." 673 F.3d at 1217-18. Neither case involved a situation in which the Ninth Circuit affirmed denial of a Rule 60(b) motion on grounds that it was filed post-judgment, and case law addressing the issue cuts in the opposite direction. *Kingvision Pay-Per-View v. Lake Alice Bar* is instructive. 168 F.3d 347 (9th Cir. 1999). There, the court explained that "a district court can correct its own mistake months after judgment, under Rule 60(b)," and remanded for further consideration of a Rule 60(b) motion presented orally by a party after it failed to "do anything about the lawsuit" until it defaulted. *Id.* at 349-50. Google cites no case law in which a court declined to reach the merits on a Rule 60(b) motion—which "must be made within a reasonable time" and, with respect to Rule 60(b)(1), "no more than a year after the entry of the judgment or order," Fed. R. Civ. P. 60(c)(1)—simply because the argument was not previously presented. Google also does not attempt to argue that Plaintiffs' motion, which was filed within three weeks of the entry of judgment in this case and two weeks after the *Recor* court's order denying a motion to dismiss on claim splitting grounds, was unreasonably delayed under Rule 60.

Google likewise does not dispute the timeliness of Plaintiffs' motion under Rule 59(e), and the motion properly apprises the Court of developments in the law that occurred in *Recor*—a case this Court relied on in dismissing *Valtrus I* for lack of standing, *see* Dkt. No. 380, at 9-10—and affords the Court an opportunity to revisit its prior decision. *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Eleventh Circuit's recent opinion in *Sound Around*—which came down seven months after Google's motion to dismiss *Valtrus II* for claim splitting was fully briefed—bolsters the reasoning behind the *Recor* court's decision not to dismiss a second case on claim splitting grounds. In *Sound Around*, the district court chose not to reconsider its dismissal of *Sound Around II* and was reversed. 2025 WL 2887175, at *2. At the very least, this Court should consider the merits of Plaintiffs' motion under Rule 59(e) before any appeal is filed.

Finally, Google's argument that Plaintiffs should "have filed a notice of supplemental

authority," Dkt. No. 388, at 5, falls flat because Plaintiffs could not have filed a Statement of Recent Decision under L.R. 7-3(d)(2) alerting the Court to the *Recor* court's recent decision until after the Court dismissed *Valtrus II* and entered judgment. Having relied on *Recor* to dismiss *Valtrus I*, the Court should now consider the subsequent developments in *Recor* to determine whether dismissal of *Valtrus II* was appropriate.

**CONCLUSION**

The Court should consider the merits of Plaintiffs' motion and grant Plaintiffs relief from the judgment. *Valtrus II* should be permitted to proceed.

Dated: May 12, 2026

Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ Jason G. Sheasby*

Jason G. Sheasby
Attorneys for Plaintiffs
VALTRUS INNOVATIONS LTD. and
KEY PATENT INNOVATIONS LIMITED